WIGGINTON, Judge.
Appellant filed in the Circuit Court of Walton County a petition in eminent domain pursuant to the provisions of F.S. Chapter 73, F.S.A., whereby it seeks to condemn certain described parcels of land lying in that county. In response to a motion therefor filed by appellee Anthony Kelley,' the trial court entered an order changing the venue of the action from Walton to Santa Rosa County upon the showing made by Kelley that he could not receive a fair trial of his cause in Walton County. Appellant has taken this interlocutory appeal from the order granting a change of venue as permitted by the pertinent rule of appellate procedure.[1]
Appellant does not raise any question as to the sufficiency of the facts alleged in the motion for change of venue to justify the relief sought, nor does it raise the question of whether the trial court abused its discretion in the rendition of the order appealed. The sole point presented for decision is whether the venue of an action in eminent domain may under any circumstances or for any reason be changed to another county of this state.
Appellant recognizes the efficacy of the statute which provides that the judges of *838 all courts in this state shall have power, and it shall be their duty, to grant changes of venue of all cases pending before them under proper circumstances.[2] Appellant contends, however, that this statute is inapplicable to actions in eminent domain.
Prior to the amendment in 1959 of the statute relating to eminent domain proceedings, it was provided that those entities having the right to take private property for public use could do so by filing a verified petition therefor in the circuit court of the county wherein the property lies![3] This statute further provided that if the property sought to be taken lies in more than one county, the venue could be laid in either county.[4] Thus, it appears that before amendment of the statute the venue of actions in eminent domain was required to be laid in the county wherein the property lies which forms the subject matter of the proceeding, and in those cases where the property described in the petition lies in more than one county, the venue could be laid in either county.
By the amendments of 1959, the original statutory provision with respect to the venue of actions in eminent domain was reenacted by providing that those entities having the right to take private property for public use may do so by filing a verified petition therefor in the circuit court wherein the property lies.[5] The section of the original statute relating to joinder and venue was materially amended in 1959 in the following respects. As shown above, the original statute, § 73.21, F.S., Laws of 1941, F.S.A., dealt with the laying of venue, and provided that it may be done in any one or more of the counties in which the land described in the petition is situate. The 1959 amendment of this statute eliminated the provision which permitted venue to be laid in any one of several counties in which the property sought to be condemned is located, and provides that the suit shall be tried in the county in which the lands described in the petition are located.[6]
It is appellant’s position that present F.S. § 73.01, F.S.A., requires that the venue of an action in eminent domain be laid only in the county in which the land sought to be condemned is located. It is appellant’s further position that F.S. § 73.21, F.S.A., prohibits inclusion in a petition for condemnation land lying in more than one county, and mandatorily requires that the action be tried only in the county in which the land sought to be condemned is located. It takes the position that this statute is paramount and overrides the provisions of F.S. § 53.01, F.S.A., which confers upon all courts of this state the power to grant changes of venue in all cases pending before them under circumstances authorized by law.
It is conceded by counsel for both parties to this appeal that no decision has been rendered by an appellate court of this state on the question here presented, and our research confirms that concession. Although this precise question has been raised in other jurisdictions, the courts of those *839 states appear to be divided in the conclusions they have reached.[7] Nichols, in his work on eminent domain, has expressed his view of the problem in the following manner:
“Under the conditions ordinarily prevailing, the question of venue in eminent domain proceedings is simple. The judicial inquiry for the assessment of damages, by whichever party instituted, is held in the appropriate court of the county in which the land affected by the taking lies, without regard to the residence or principal place of business of the owner or of the condemnor, unless it appears that an impartial trial cannot be had in that county.”[8]
It has been held by the Supreme Court of our state that one of the powers inherent in any court under the common law is the authority to grant a change of venue when deemed necessary to secure a fair trial before a jury having no pecuniary interest in the result of the verdict.[9] Common law principles continue to prevail in Florida unless modified by statute. The question presented on this appeal is whether F.S. Chapter 73, F.S.A., relating to actions in eminent domain so clearly abrogates or modifies the common law, as well as our existing statutes relating to change of venue, as to prohibit the circuit courts of this state from granting a change of venue in an eminent domain proceeding under any circumstances. We think that it does not.
Although the argument of appellant carries much logical persuasion, we do not construe F.S. section 73.21, F.S.A., providing that actions in eminent domain shall be tried in the county in which the lands are located, to be so exclusive in scope as to prohibit the venue of such action from being changed to another county if in the discretion of the trial court such is necessary in order to afford the parties a fair and impartial trial of their cause.
Section 12 of the Declaration of Rights of our Constitution, F.S.A., provides that no person shall be deprived of his property without due process of law, nor shall private property be taken without just compensation.[10]
Our Constitution further provides that no private property shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, which compensation shall be ascertained by a jury of twelve men in a court of competent jurisdiction [11]
In view of the foregoing constitutional guarantees, it must be held that in order for one to be afforded due process of law, he must be given the opportunity of having the compensation to be paid him for the taking of his property for public use fixed by a fair and impartial jury. To require a party in an eminent domain proceeding to be forced into a trial involving the taking of his property for public use, and the fixing of compensation to be paid *840 therefor, by a jury shown to be less than fair and impartial, would abrogate the guarantees made to every citizen of our state by the provisions of our organic law. We cannot conceive that by the enactment of F.S. § 73.21, F.S.A., our legislature intended to so prescribe the procedure relating to eminent domain proceedings as to result in a property owner being deprived of due process of law by refusing him the opportunity of a trial before a fair and impartial jury. The basic concepts of our jurisprudence require that the courts be ever vigilant to protect the rights of the individual to the extent of making sure that in every judicial trial involving his liberty or property, his rights shall be determined by fair and impartial jurors. The importance of preserving this right far transcends the additional cost or inconvenience to the parties which may result from a change of venue in an eminent domain proceeding when granted under circumstances authorized by law. We therefore hold that the trial court was empowered by F.S. § 53.01, F.S.A., to order that the venue of this action be changed from Walton to Santa Rosa County as provided in the order appealed.
In thus affirming the order appealed from, we again stress the fact that we have confined our consideration in this appeal exclusively to the question whether a trial court has the power to order a change of venue in eminent domain proceedings in this state, for we believe that that is the only question properly presented in this appeal for our adjudication under accepted principles of appellate procedure. As a matter of fact, however, we may mention that we are inclined to question whether the trial court soundly exercised its discretion in ordering a change of venue under such of the evidence as is reflected in the record, but, for the reason- just stated, we do not here rule one way or the other on this subject of abuse of discretion. To dis-sertate by obiter dictum upon a question of law which has not been made a point on appeal in the brief, not researched by the parties nor argued on the merits before the Bar of this Court would not only be presumptuous on our part but palpably unfair to counsel who have a right to present to us the points in controversy which form the basis of the appeal.
Appellant having failed to demonstrate error, the questioned order is affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., dissents.

. “Appeals to district courts from interlocutory orders at law relating to venue * * * may be prosecuted in aceord-anee with this rule; * * Rule 4.2, subd. a, F.A.R., 31 F.S.A.

. F.S. Chapter 53, F.S.A.

. § 73.01, F.S., 1941, F.S.A.

. “As many defendants may be joined in one cause of action and their property taken as provided in this chapter, as the circumstances will permit. If the property sought to be taken lies in more than one county the venue may bo laid in either of said counties. Should it appear at any stage of the case that the causes of action joined cannot be conveniently disposed of together, the court may order separate trials.” § 73.21, F.S., 1941, F.S.A.

. § 73.01, F.S., 1959, F.S.A.

. “As many defendants may be joined in one cause of action and tlieir property taken as provided in this chapter, as the circumstances will permit. Should it appear at any stage of the case that the causes of action joined cannot be conveniently disposed of together, the court may order separate trials; provided, however, that any such suit shall be tried in the county in which the lands are located.” § 73.21, F.S., 1959, F.S.A.

. See cases collected 102 A.L.R. 399.

. Nichols on Eminent Domain—Third Edition—Volume 6, § 24.7, p. 75.

. Board of Public Instruction for Lafayette County v. First National Bank of Gainesville, 111 Fla. 4, 143 So. 738, 741 (Aff. 111 Fla. 4, 149 So. 213).

. “No person shall be subject to be twice put in jeopardy for the same offence, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shah private property be taken without just compensation.” Florida Constitution—§ 12—Declaration of Rights.

.“No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law.”
Florida Constitution—Art. 16, § 29.