135 So.2d 228 (1961)
H.G. RAYBON, Appellant,
v.
B.O. BURNETTE, Appellee.
No. 2480.
District Court of Appeal of Florida. Second District.
December 6, 1961.
Robert G. Murrell, of Sam E. Murrell & Sons, Orlando, for appellant.
C. Arthur Yergey, of Yergey & Yergey, Orlando, for appellee.
SMITH, Judge.
The plaintiff-appellant filed his suggestion and motion for disqualification of the trial judge as authorized by Section 38.10, Florida Statutes, F.S.A. To bring this section into operation and effect, the movant must file an affidavit stating the facts and the reasons for his belief that he fears he will not receive a fair trial on account of the prejudice of the judge against the movant or in favor of the adverse party. The affidavit must be accompanied by counsel's certificate of good faith and the facts stated as a basis for making the affidavit must be supported in substance by affidavit of at least two reputable citizens of the county not of kin to defendant or counsel for the defendant. The trial judge found the motion proper in form but lacking in substance and denied the motion.
The facts and the reasons for the belief of the plaintiff are:
In the last primary election one of the attorneys of the law firm representing the plaintiff was a candidate for the office of circuit judge in which the trial judge was the other candidate. All of the members of the law firm actively supported the candidacy of their partner, and the plaintiff actively campaigned for the election of the firm member. The defendant's attorney *229 and the members of his law firm publicly endorsed and supported the judge in the election and contributed money to his campaign.
That in the trial of another case between the same parties, the judge appeared to be antagonistic to the plaintiff and his attorney and appeared to overly favor the defendant and his attorney by allowing the attorney for the defendant to present long and extensive arguments and thereafter refusing to listen to plaintiff's attorney, speaking in a harsh voice and appearing to show lack of courtesy for both the plaintiff and his attorney, ruling contrary to the truth of the matter.
The supporting affidavits set forth facts as a basis in substance for the matters set forth in paragraph 1 above, but as to the matters set forth in paragraph 2 above, they recite: That affiant is further informed and believes that the personal actions and demeanor of the judge bespeak his bias and prejudice and illustrate that he could not listen fairly and impartially in a cause in which plaintiff's attorneys represent either of the parties.
"* * * Prejudice of a judge is a delicate question to raise, but, when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned." Dickenson v. Parks, Fla. 1932, 104 Fla. 577, 140 So. 459, 452.
Prejudice of a judge toward a lawyer would not necessarily extend to his client but it may be of such a degree as to adversely affect his client, and if the motion and affidavits taken as a whole are sufficient to warrant fear on the part of the movant that he will not receive a fair trial at the hands of the judge, then they are sufficient. The courts are committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge and it is the duty of the courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice. It is not enough for a judge to assert that he is free from prejudice. His mien and the reflex from his court room speak louder than he can disclaim on this point. If he fails through these avenues to reflect justice and square dealing, his usefulness is destroyed. The attitude of the judge and the atmosphere of the court room should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance that he is in a forum where the judicial ermine is everything that it typifies  purity and justice. The administration of justice is the most sacred right known to the sound order of a democracy. State ex rel. Davis v. Parks, 1939, 141 Fla. 516, 194 So. 613.
The facts and the reasons for the belief of prejudice must be taken to be true and no discretion is vested in the judge to hear and determine the question of whether or not he is prejudiced, but the judge has a lawful right, and it is his duty, to pass primarily upon the sufficiency of the motion and supporting affidavits to invoke the statute and if found to be legally sufficient, the motion compels his retirement from the case without passing upon the truth or falsity of the facts. Turner v. State, 1930, 100 Fla. 1078, 130 So. 617, and Hahn v. Frederick, Fla. 1953, 66 So.2d 823.
In light of the general principles of law set forth above, we now examine the facts and reasons set forth in the affidavits. As previously noted, the affidavit of the plaintiff with respect to the prior case was supported only by the two citizens' affidavits containing conclusions based upon information and belief. As to these points, the motion *230 is clearly insufficient. Hahn v. Frederick, supra; City of Palatka v. Frederick, 1937, 128 Fla. 366, 174 So. 826; and Wilson v. Renfroe, Fla. 1956, 91 So.2d 857. At this point, we are constrained to note that counsel for appellee in his brief states as a fact that the trial of the prior case was had long prior to the election and that the plaintiff never took an appeal from the final decree. The record is silent on these matters. We again announce that this court will not consider statements made in briefs which are not substantiated by the record in this court. Statements of fact not in the record are improper.
With respect to the facts and reasons pertaining to the election, the plaintiff contends that these statements conclusively show the prejudice of the judge because he concludes that these facts show that the judge violated the provisions of Canons 30 and 32 of the Canons of Judicial Ethics adopted by the Supreme Court of Florida, 31 F.S.A. The people of the State of Florida, by their Constitution, have determined that the members of their judiciary should be selected by election of the people. The National Conference on Judicial Selection and Court Administration, sponsored by the American Bar Association, the Institute of Judicial Administration, Inc., and the American Judicature Society has recently published a brochure constituting the consensus of the National Conference. Portions of this report are as follows:
"The objective of any method of selection should be to obtain judges free of political bias and possessed of qualities that will lead to the highest performance of their judicial duties.
"It is indispensable to the proper functioning of the judicial system that men who are to be elevated to the bench be selected solely on merit, on the basis of their qualifications for judicial office. In the process of their selection as well as in their work and tenure they must be free of all collateral influence and partisan political pressures
* * * * * *
"In order to make the existing state election systems work (whether the state elects or appoints its judiciary) the informed opinion of the members of the bar as to the qualifications of judicial candidates should be brought to the attention of the voters. This should be more than a mere poll of the relative popularity of the various candidates among the members of the bar.
"The bar should not be content with the mere announcement of its recommendations. It should campaign actively in support of its position for or against judicial candidates. The public should be encouraged to look to the bar for guidance in choosing among candidates.
"The bar should make the public aware of the need for qualified judges * * *."
This report lays to rest plaintiff's misconceived notion with respect to members of the bar actively supporting a judge in his election campaign.
It should be noted that the facts and reasons with respect to the political campaign show nothing more than the bare facts of a political campaign in which the plaintiff and his attorneys campaigned for their candidate, one of plaintiff's attorneys, and the attorneys for the defendant campaigned for the judge with public endorsement and financial support. There is no statement of specific personal feelings made in the course of the campaign as in State ex rel. La Russa v. Himes, 1940, 144 Fla. 145, 197 So. 762.
In Ervin v. Collins, Fla. 1956, 85 So.2d 833, the court held that a suggestion of disqualification was not legally sufficient where the statement of facts was to the effect that one of the justices and one of the parties *231 and their families were close, intimate and personal friends, and where two of the justices were appointed to their office by one of the parties and each was a strong, personal and political friend of the party. We conclude that this decision is controlling in the instant case and that the statements of facts and reasons in the suggestion and motion for disqualification are legally insufficient to show the prejudice of the judge and, therefore, the motion was properly denied.
Affirmed.
KANNER, Acting C.J., and WHITE, J., concur.