418 So.2d 1055 (1982)
Haydee GIESEKE, Petitioner,
v.
The Honorable Mel GROSSMAN, Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
No. 82-159.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Rehearing Denied September 21, 1982.
*1056 S. Robert Zimmerman, Pompano Beach, for petitioner.
Jim Smith, Atty. Gen. and Bruce D. Barkett, Asst. Atty. Gen., Tallahassee, for respondent.
Dale R. Sanders of Lyons & Sanders, Chartered, Fort Lauderdale, for F. Gary Gieseke.
PER CURIAM.
Petitioner seeks a writ of prohibition directing respondent to disqualify himself as judge. Respondent denied petitioner's motion for disqualification concluding that petitioner's motion was legally insufficient. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(3).
The petitioner, respondent wife in the dissolution proceeding below, filed a verified motion for disqualification of judge and substantiating affidavits as required by Section 38.10, Florida Statutes (1981). Petitioner's motion alleged facts and stated that she feared that she would not receive a fair trial because of respondent's bias and prejudice.
We need only resolve one question: Does petitioner's motion and supporting affidavits comply with the standards in Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981), and Florida Statute 38.10?
Rule 1.432(d), Florida Rules of Civil Procedure, provides that when a judge is confronted with a motion for disqualification:
The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
In Hayslip v. Douglas, supra, this Court detailed the standards to determine the legal *1057 sufficiency of a motion for disqualification and the supporting documents:
First, the motion must be made by a party; it must be verified, and it must allege the facts relied upon to show the grounds for disqualification. Second, there must be a certificate by counsel of record indicating that the affidavit and application are made in good faith. Third, the operative facts in the party's motion must be substantiated by at least two affidavits from reputable citizens of the county who are not related to the defendant or his attorney.
The term "legal sufficiency" encompasses more than mere technical compliance with the rule and the statute; the court must also determine if the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial. Brewton v. Kelly, [166 So.2d 834 (Fla. App.)] supra. As indicated by the court in State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695, 697-98 (1938):
The test of the sufficiency of the affidavit is whether or not its content shows that the party making it has a well-grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind, and the basis for such feeling... . [The trial judge] cannot pass on the truth of the allegations of fact. If they are not frivolous or fanciful, they are sufficient to support a motion to disqualify on the ground of prejudice. Id. at 555-556.
We will first consider the sufficiency of the supporting affidavits filed by the petitioner. Respondent contends that the affidavits were legally insufficient because they contained information which affiants based partially on personal knowledge and partially on information furnished by the petitioner. If the affidavits contained no other information than that which had been furnished to the affiants by the petitioner, they would obviously be legally insufficient. Hahn v. Frederick, 66 So.2d 823 (Fla. 1953). However, the affidavits contained sufficient information based upon personal knowledge to support the petitioner's motion. The fact that the affiants referred to information furnished by the petitioner should not operate to invalidate the affidavits sufficiency under Florida Statute 38.10.
It is well established that respondent's adverse judicial rulings alone may not be the basis for disqualification of a judge for bias or prejudice. State ex rel. Locke v. Sandler, 156 Fla. 136, 23 So.2d 276 (1945); Wilson v. Renfroe, 91 So.2d 857 (Fla. 1957). However, the facts alleged in petitioner's motion must be taken as true since the motion is supported with the documentation required by Florida Statute 38.10. We believe the allegations of the petitioner's motion and the supporting affidavits are sufficient to establish that the petitioner has a reasonable fear that she will not receive a fair trial before the respondent.
Lastly, the petitioner has shown good cause for the late filing of the motion for disqualification. In her motion, the petitioner explained that the facts giving rise to her fear that she would not receive a fair trial did not arise until after December 31, 1981. It is obvious that she could not have complied with the time requirement of Section 38.10, Florida Statutes, until she was confronted with sufficient facts to justify a reasonable fear that she could not obtain a fair trial before the respondent.
Since we have concluded that the petitioner's verified motion and supporting documents meet the test of legal sufficiency, we grant and issue the writ of prohibition. We direct the respondent judge to recuse himself in this matter and we further instruct the Chief Judge of the Circuit Court for the Seventeenth Judicial Circuit to cause the case to be reassigned for trial. The writ of prohibition is granted.
LETTS, C.J., and DOWNEY and DELL, JJ., concur.