453 So.2d 203 (1984)
Jerome Robert KLEIN, Appellant,
v.
LAYNE, INC. OF FLORIDA, a Florida Corporation, and Royal Trust Bank Corp., a Florida Corporation, Appellees.
No. 83-1437.
District Court of Appeal of Florida, Fourth District.
July 25, 1984.
Charles S. Dale, Jr., of Dale & Stevens, Fort Lauderdale, for appellant.
Jill Nexon of Arky, Freed, Stearns, Watson & Greer, P.A., Miami, for appellee, Royal Trust Bank Corp.
*204 OWEN, WILLIAM C., Jr., Associate Judge.
We answer here what was left unanswered in Greenberg v. Manor Pines Realty Corp., 414 So.2d 260 (Fla. 4th DCA 1982),  that a plaintiff who initiates an action which presents a justiciable issue of law or fact is not subject to being assessed an attorney's fee under Section 57.105, Florida Statutes (1981), even though, at some point in the course of the litigation prior to final disposition, the action becomes no longer sustainable on either the law or the facts.
Plaintiff's complaint alleged that he was the owner in fee simple of certain real property subject to a 99 year lease under which defendant was a sublessee, that defendant planned to erect an office building to be located partly on plaintiff's property and partly on the adjacent property owned by defendant, and that plaintiff was in doubt as to his rights under the lease which permitted construction on the leased property but provided that upon termination of the lease any improvement thereon would become the property of the fee simple owner. There is no suggestion that the complaint was frivolous. On January 25, 1982, seven months after the complaint was filed, defendant filed its answer in which it alleged that "since the filing of this action, Royal Trust Bank Corp. has submitted revised plans for approval by the City of Hallendale (which) provide for two separate, free-standing buildings ... (one of which) is to be a full-scale banking facility, entirely situated on the land owned by Royal Trust Bank Corp. in fee simple (and) the other building is a small, drive in facility which will be located entirely on the land ... owned by plaintiff ... these plans have been approved and Royal Trust Bank Corp will build in accordance with them." Some three months later, at hearing on defendant's motion for summary judgment, plaintiff took a voluntary dismissal without prejudice. Thereafter the trial court, upon appropriate motion and hearing, awarded to defendant attorney's fees for that portion of the proceedings subsequent to January 25, 1982, finding that from the time of the filing of the bank's answer (the allegations of which apparently were undisputed) plaintiff continued the action recklessly and with no reason on his part to believe that the bank was liable to the plaintiff.
The trial court found, and we accept, that after the bank served its answer on January 25, 1982, and plaintiff became aware that the bank no longer intended to erect an office building astride the boundary line between plaintiff's property and the bank's property, the plaintiff was aware that no justiciable issue of law or fact remained to be litigated. But the purpose of Section 57.105 is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fee awards on losing parties who engage in these activities. Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981). Plaintiff's claim was not baseless when initiated and we think it neither proper nor wise to apply the provisions of Section 57.105 against this plaintiff simply because at some point in the course of the litigation, defendant, by ceasing the course of conduct which plaintiff complains, thereby renders moot the relief sought under the complaint and leaves at that point no remaining justiciable issue of law or fact to be resolved. While good common sense might suggest, if not indicate, a cessation of hostilities at that point, there are ample remedies available to the defendant and to the court by which, under such circumstances, prompt disposition of the case can be made. No litigant whose case is nonfrivolous at its inception should be burdened with second guessing the court as to the exact point during the course of the litigation where there remain no justiciable issues of law or fact to be resolved, at the risk of being penalized through an attorney's fee award for failure to recognize that point when it is reached.
In summary, we think that under the teaching of Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982), a plaintiff whose claim is nonfrivolous at its inception should not be *205 assessed with attorney's fees under Section 57.105, Florida Statutes (1981), even though at some point in the course of litigation it becomes apparent that there no longer remains any justiciable issue of law or fact. In other words, the frivolousness of a claim (or, for that matter, of a defense) is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim (or the defense) to be without justiciable issue in law or fact should not subject the losing party to the price tag of bearing the other party's attorney's fees by virtue of an award under Section 57.105, Florida Statutes (1981).
The order awarding defendant an attorney's fee is reversed.
GLICKSTEIN and HURLEY, JJ., concur.