488 So.2d 627 (1986)
Robert A. CALEFFE, Petitioner,
v.
Judge Linda L. VITALE, Respondent.
No. 4-86-0251.
District Court of Appeal of Florida, Fourth District.
May 14, 1986.
Berryhill, Avery, Williams & Sasadu, P.A., Fort Lauderdale, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Joseph Lewis, Jr., Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Judge.
Petitioner Robert Caleffe seeks to disqualify the respondent trial judge from presiding over post-dissolution proceedings between Caleffe and his ex-wife, because the wife's lawyer co-chairs the judge's ongoing campaign for reelection. We grant the petition.
A petition for writ of prohibition is the appropriate vehicle to test the validity of the denial of a motion for disqualification. *628 Gieseke v. Grossman, 418 So.2d 1055 (Fla. 4th DCA 1982). The respondent first contends that the petition is untimely because it was not filed until three months after the wife's answer to the husband's petition for modification. The record reflects that, upon receiving a letter dated December 13, 1985, sent out as part of a general campaign mailing by the judge's reelection committee, the husband's attorney first learned that the wife's attorney was acting as co-chairman of the committee. Thereafter, on January 13, 1986, the husband filed a motion for disqualification pursuant to Section 38.10, Florida Statutes and Florida Rule of Civil Procedure 1.432, supported by the husband's affidavit. Rule 1.432(c) provides that a motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification, see also Gieseke, 418 So.2d at 1057. We believe the husband's motion was made within a reasonable time.
The respondent also contends that although Caleffe's motion may be sufficient under Rule 1.432, he failed to comply with the requirements of Section 38.10, Florida Statutes by attaching to the motion a certificate of counsel that the affidavit and motion were made in good faith. The supreme court has held that Florida Rule of Criminal Procedure 3.230, the criminal counterpart of Rule 1.432, rather than section 38.10, controls the disqualification process in a criminal case. Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983). By analogy, Rule 1.432 would supplant the procedural requirements of the statute in a civil case, a result which is consistent with the committee notes to the rule which state that the rule is "intended to unify the procedure for disqualification." Reading the authorities together, it appears that technical non-compliance with the statute will not bar a claim which otherwise states sufficient facts to warrant a party's fear that he or she will not receive a fair trial by the assigned judge. Livingston, 441 So.2d at 1087. The cases cited by the respondent demonstrate that prior to the adoption of Rule 1.432 in 1980, the procedural requirements of a motion to disqualify were those set forth in the statute. Peebles v. Smith, 291 So.2d 102 (Fla. 1st DCA 1974). The court in Sikes v. Seaboard Coast Line Railroad Co., 429 So.2d 1216 (Fla. 1st DCA 1983), while rejecting the view that the statute was completely superseded by the rule, held that the rule and the statute were to be read in pari materia. Id. at 1224. The court went on to hold that it was inappropriate for the court below to deny the appellant's recusal motion "simply because the technical requirements of section 38.10 were not satisfied." We agree.
Turning to the merits of the petition, we note that in Livingston the supreme court clarified the standards by which a judge should evaluate the legal sufficiency of a motion to disqualify. The facts alleged in a motion to disqualify need only show that the party making it has a well-grounded fear that he or she will not receive a fair trial at the hands of the judge. The judicial inquiry should focus on the reasonableness of the affiant's belief that the judge may be biased, and not the judge's own perception of his or her ability to act fairly. 441 So.2d at 1087; see also Gieseke, supra, 418 So.2d at 1057. Many cases present issues easy to resolve, such as those involving a party who may actually have a family relationship to the judge, or, at the other extreme, those involving a party who is simply unhappy with a judge's prior ruling on a matter. The tough cases approach the fine line between a party's attempt to "judge shop," and a party's genuine concern that his or her case may not be fairly heard.
We admit that we are concerned about two cases relied upon by the respondent. In Raybon v. Burnette, 135 So.2d 228 (Fla. 2d DCA 1961), the plaintiff's attorney had previously campaigned for a law partner who ran against the trial judge in a primary election. The defendant's attorney had publicly endorsed and supported the trial judge in the same election. 135 So.2d at 228-29. The district court upheld the trial judge's refusal to recuse himself, relying *629 on an ABA sponsored report supporting active bar participation in judicial elections. Id. at 230. One distinguishing characteristic of Raybon is that, unlike this case, the judicial election campaign was not ongoing at the time of the underlying lawsuit. We believe, however, that Raybon should not control for two other reasons. First, the fact that attorneys are generally encouraged to support candidates for judicial office and do so, has little to do with the propriety of an attorney practicing in a particular case before a judge with whom he or she has a specific and substantial political relationship. Second, the Raybon decision focuses incorrectly, in our view, on whether the plaintiff actually established prejudice on the judge's part, instead of on the existence of a reasonable basis for the movant to doubt the judge's impartiality. In addition, perceptions of professional legal ethics in the conflict of interest realm have undergone much evolution since 1961, and we have some doubt as to whether Raybon would be decided the same way today. We are not faced with that question.
The other troubling decision is Parsons v. Motor Homes of America, Inc., 465 So.2d 1285 (Fla. 1st DCA 1985), in which the plaintiff sought to recuse the trial judge, against whom the plaintiff was running for office. The court upheld the lower court's decision to deny the motion, noting that the motion did not allege the statutory grounds of "facts or reasons for the belief that any ... bias or prejudice exist[ed]," and was not accompanied by a certificate of counsel that the motion was made in good faith. Id. at 1290. Although the court did not explain its reasoning at length, it apparently found that the technical requirements for disqualification had not been met, and the factual allegations of the petition were legally insufficient. More importantly, however, the court went on to suggest that the preferred course for the judge would have been to recuse himself. Id. Parsons, like Raybon, seems out of step with the clear message sent out by the supreme court in Livingston, that the sufficiency of the allegations depends upon the reasonable subjective belief of the petitioner and not on whether he or she has successfully established the actual existence of prejudice. The latter standard would render the motion for disqualification virtually futile and result in the sort of adversary proceedings between the judge and the petitioner that create bias or the appearance thereof even where none had existed before.
In the case before the court, the wife's attorney is actually running the judge's ongoing reelection campaign. Common sense tells us that this alone would give rise to a reasonable fear on the petitioner's part that a conflict of interest may exist. The petitioner has also put forth as additional evidence a letter from the lawyer to the judge explaining why the lawyer had requested a hearing before the judge on a motion for contempt, as opposed to the apparent customary hearing before a general master. The letter states, "my client is inclined to want your judiciousness and wisdom as opposed to a General Master ... and wishes to continue to place all disputed matters before you as opposed to anyone else." In our view, this communication adds to the appearance of a special relationship that would reasonably substantiate Caleffe's fear that he may not receive a fair trial.
We simply hold that the suggestion for disqualification was sufficient here to require the trial judge to step down. Accordingly, the petition for writ of prohibition is granted and the trial judge is directed to enter an order of recusal upon authority of this decision.
HERSEY, C.J., and DELL, J., concur.