533 So.2d 805 (1988)
MAREXCELSO COMPANIA NAVIERA, S.A., Appellant,
v.
FLORIDA NATIONAL BANK, Appellee.
S.N.W. CORPORATION, et al., Appellants/Cross Appellees,
v.
MAREXCELSO COMPANIA NAVIERA, S.A., a Panamanian Corporation, Appellee/Cross Appellant.
Nos. 85-2764, 4-86-2265.
District Court of Appeal of Florida, Fourth District.
October 5, 1988.
Rehearing and Clarification Denied November 29, 1988.
Raymond v. Miller of Kaufman Miller Dickstein Grunspan & Oster, P.A., Miami, for Marexcelso Compania Naviera, S.A.
Gerald F. Richman and Sally R. Doerner of Floyd Pearson Richman Green Weil Zack & Brambaugh, P.A., Miami, for S.N.W. Corp., K.N.W. Corp., P.N.W. Corp., and Florida Nat. Bank.
GUNTHER, Judge.
This consolidated appeal arises from an order awarding attorney's fees to Florida National Bank (Bank) pursuant to section 57.105, Florida Statutes, a sua sponte post-judgment order of recusal and an order granting a new trial to Marexcelso Compania Naviera, S.A. (Marexcelso).
As to Case No. 85-2764, we reverse the award of attorney's fees granted to the Bank pursuant to section 57.105, Florida Statutes (1981). The trial court erroneously awarded attorney's fees to the Bank on the theory that the action against the Bank, although not initially frivolous, became frivolous after a certain point in the case. As this court has held:
[A] plaintiff whose claim is non-frivolous at its inception should not be assessed with attorney's fees under Sec. 57.105, Florida Statutes (1981), even though at some point in the course of litigation it becomes apparent that there no longer remains any justiciable issue of law or fact.
Klein v. Layne, Inc. of Florida, 453 So.2d 203, 204-05 (Fla. 4th DCA 1984). Thus, on the authority of Klein, we reverse the award of attorney's fees.
As to Case No. 4-86-2265, the defendants/appellants/cross appellees, S.N.W. Corporation, K.N.W. Corporation, and P.N.W. Corporation (Developers), appeal the trial *806 court's sua sponte post-judgment order of recusal and order granting new trial. The Developers seek a reversal of the orders and a remand to the trial court with instructions to reinstate the judgment previously entered in their favor. Plaintiff/appellee/cross appellant, Marexcelso, in turn, inconsistently seeks both an affirmance of the trial court's order of new trial and remand with instructions to enter a judgment of liability in its favor and against the Developers, together with an order to hold a new trial on damages only. Alternatively, on cross appeal, Marexcelso also seeks reversal of the trial court's interlocutory order dismissing Marexcelso's claim for violation of the Federal Interstate Land Sales Full Disclosure Act and a remand for a trial on that issue.
Marexcelso's suit against the Developers came to trial in January 1986. At the commencement of the non-jury trial, Marexcelso submitted a verified written motion and moved ore tenus for disqualification of the trial judge. The basis for Marexcelso's motion was the fact that counsel for all defendants had received in the mail and signed a card endorsing the trial judge for reelection to the bench the following November. According to Marexcelso's motion, defendant's counsel three days before the trial, apprised Marexcelso's counsel that he had received and executed this endorsement card and that his office subsequently had received a telephone call requesting a contribution to the trial judge's campaign. Defendant's counsel did not return the call, nor did he send any contribution.
At trial, Marexcelso asserted that the trial judge's "favoritism" of soliciting political support from opposing counsel but not from Marexcelso's counsel created a well-founded fear that Marexcelso would not receive a fair trial before the trial judge. The trial judge denied the motion for disqualification on the grounds that the motion's allegations were insufficient as a matter of law. Marexcelso did not petition this court for a writ of prohibition or otherwise seek appellate review of the denial of its motion for disqualification. During the trial, the Developers' counsel moved for a mistrial on the basis of unspecified comments the judge made off the record concerning issues relating to possible settlement of the action. Marexcelso's counsel did not join in this motion or otherwise reassert the prejudice that had been alleged in his earlier motion for the court's disqualification. The Developers' motion for mistrial was denied.
At the conclusion of the trial, the court entered final judgment in favor of the Developers and against Marexcelso. Although Marexcelso submitted an extensive motion for rehearing asserting that the court had failed to consider a number of factual and legal circumstances in arriving at its decision, Marexcelso did not renew its motion for disqualification nor challenge the fairness of the trial or the judge's impartiality.
Marexcelso's motion for rehearing was heard on September 2, 1986, and the court there verbally announced its denial. However, the next day, the court sua sponte entered an order of recusal and order granting a new trial to Marexcelso. In its entirety, the order stated:
Although this Court is of the opinion that the parties hereto received a fair trial, full consideration of the issues and that the substantive legal issues were correctly concluded, this Court recuses itself and grants a new trial for the reasons set forth below.
During the course of the trial in this action and after several days of testimony, the Plaintiff on the morning of the reconvened trial date presented a Motion for Disqualification to the Court. The Court at that time, without forewarning of the Motion and any opportunity to research the Motion, denied said Motion believing same to be legally insufficient and in an effort to avoid further expense to the litigants and unnecessary expenditure of additional judicial time. Said Motion is no longer a part of the Trial Court file, this matter being on appeal of an earlier Order. This Court's recollection is that the only basis was a form campaign letter sent out by the re-election Committee to the opposing attorney asking *807 him to join the re-election Committee, seeking an endorsement and a contribution and a phone call from the Treasurer's secretary to the opposing attorney's office due to her concern that the mail was tampered with since the response envelope was received torn open.
Subsequent to said Motion and entry of the Final Judgment in this cause, this Court based on further research and a subsequent Fourth District Court opinion, is now of the understanding that the denial of the Motion for Recusal was legally incorrect.

Plaintiff filed a Motion for Rehearing which was argued on September 2, 1986 but said Motion did not reargue Plaintiff's Motion for Disqualification as a basis. This Court verbally announced it's (sic) denial of said Motion for the basis argued therein September 2, 1986.
DONE AND ORDERED... . (emphasis added).
It is apparent from the sua sponte order of recusal that the trial judge concluded that she had erred in earlier denying the motion for disqualification and in ruling that the allegations of the motion for disqualification were legally insufficient. Thus, the issue is whether the allegations of Marexcelso's motion for disqualification are legally sufficient.
To be legally sufficient, a motion for disqualification need only show that the party making it has a well-grounded fear that he or she will not receive a fair trial at the hands of a judge. Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986). In Caleffe, this court noted that the trial judge had a specific and substantial political relationship with counsel for Mrs. Caleffe, the wife, who was opposing the motion to disqualify. Not only was Mrs. Caleffe's counsel actually running the trial judge's ongoing reelection campaign, but he had directly communicated with the trial judge about the Caleffe case. In a letter to the trial judge, Mrs. Caleffe's counsel had requested the trial judge to hear all disputed matters of Mrs. Caleffe's case, rather than referring them to a general master. Based on these facts, the Caleffe court concluded that the appearance of a special relationship between the judge and Mrs. Caleffe's counsel reasonably substantiated Mr. Caleffe's fear that he would not receive a fair trial.
However, the Caleffe court did recognize the fact that attorneys are generally encouraged to support candidates for judicial office and do so. In the instant case, Marexcelso moved to disqualify the trial judge because its attorney had not been asked to endorse the trial judge or contribute to her campaign whereas the attorney for the Bank and the Developers had been so requested. In our view, these facts do not rise to the level of a specific and substantial political relationship such as was expressly disapproved of in Caleffe. Rather, these facts exhibit the type of endorsements and financial support that lawyers are generally encouraged to give judicial candidates.
We conclude that, standing alone, solicitation of an endorsement and campaign contribution from the lawyer for one of the parties in a lawsuit by the campaign staff of the trial judge does not create the existence of a reasonable basis for the other party to doubt the trial judge's impartiality.
Thus, we hold that the trial judge correctly denied Marexcelso's motion for disqualification because the allegations were not legally sufficient to require the trial judge's recusal. Since the trial judge sua sponte recused herself and ordered a new trial based on the incorrect assumption that she erred in denying Marexcelso's motion for disqualification, we reverse the post-judgment order of recusal and order granting new trial. We remand Case No. 4-86-2265 to the trial court with instructions to reinstate the judgment previously entered in favor of the Developers.
We find no merit in those issues raised on Marexcelso's cross appeal except one. Since the final judgment failed to include Peter Wolosky, we direct the trial court to amend the final judgment so as to show its judgment on that claim. No new trial is needed on that issue.
*808 AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
DOWNEY and DELL, JJ., concur.