562 So.2d 755 (1990)
Charles L. BARBER, Petitioner,
v.
Honorable Mary Ann MacKENZIE, Judge of the Eleventh Judicial Circuit Court in and for Dade County, Florida, Respondent, Doris Barber, Intervenor.
No. 89-2771.
District Court of Appeal of Florida, Third District.
May 15, 1990.
Rehearing Denied July 10, 1990.
William F. Murphy, Tampa, for petitioner.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., for respondent.
Karlan & Gerson and Charlotte E. Karlan, Miami, for intervenor.
Before FERGUSON, COPE and GERSTEN, JJ.
COPE, Judge.
Charles L. Barber has petitioned for a writ of prohibition, asserting that the trial *756 judge erred by denying a motion for disqualification. We grant partial relief by certiorari.
The threshold issue is whether this matter is moot. Subsequent to the filing of the petition for prohibition and response thereto, this court was informed that the trial judge has transferred to another division of the circuit court, and no longer has responsibility for the matrimonial action pending below. The respondent trial judge and the respondent wife in the matrimonial action contend that the petition is now moot, and their point is well taken insofar as the petition sought to substitute a new trial judge in place of the respondent judge.
The husband contends, however, that the petition is not moot with respect to orders already entered by the trial court. He argues that under section 38.10, Florida Statutes (1989) and Rule 1.432, Florida Rules of Civil Procedure, entry of an order of disqualification by the trial court permits him to move for reconsideration of the orders previously entered by the disqualified judge. Since the trial judge took evidence and, sitting as trier of fact, entered an interim support award and an interlocutory order determining certain property rights, the husband contends that failure to reach the merits of the petition will foreclose an opportunity to move for reconsideration to which he is otherwise entitled.
The theory of petitioner's motions for disqualification was that the trial judge should be disqualified on account of prejudice, the grounds for which are set forth in section 38.10, Florida Statutes. Neither section 38.10 nor Rule 1.432, Florida Rules of Civil Procedure, explicitly provides for moving for reconsideration of interlocutory orders upon entry of an order of disqualification. Florida practice treatises have stated that there is a right to move for reconsideration, citing as authority section 38.07, Florida Statutes (1989).[1] While section 38.07 does provide for such a motion to be made, it is by its terms confined to disqualification for consanguinity under sections 38.02 and 38.05, Florida Statutes.
The Florida Supreme Court has said that, "Under the common law, the acts of a disqualified judge were subject to vacation or reversal, were generally held to be voidable rather than void, and were not subject to collateral attack. It was also required that they be moved against promptly, otherwise the right would be lost." Dickinson v. Raichl, 120 Fla. 907, 912, 163 So. 217, 219 (1935).[2] Common law principles remain in force in Florida except to the extent modified or repealed by statute. See § 2.01, Fla. Stat. (1989); Choctawhatchee Elec. Co-op., Inc. v. Major Realty Co., 161 So.2d 837, 839 (Fla. 1st DCA 1964). Section 38.10 provides that when the trial judge is disqualified, "the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified." Section 38.10 thus specifies that the ordinary procedure for substitution of judges in cases of disqualification will be followed, and does not address, much less negate, the common law right to move for reconsideration.
This interpretation is reinforced by examination of the other disqualification statutes. Section 38.01, Florida Statutes (1989), provides for disqualification where a judge is a party to the pending action. There, the statute has modified the common law rule by providing that all of the judge's acts are void, not merely voidable. Since the successor judge must consider the entire action de novo, a motion for reconsideration would be irrelevant. Section 38.07, Florida Statutes, enacted after section 38.10, see Brown v. St. George Island, Ltd., 561 So.2d 253, 256 n. 4, (1990) in essence codifies the common law rule and *757 provides specific time frames rather than applying the rule of laches. Finally, as the decision in Dickinson v. Raichl indicates, in the rare case of a common law, rather than statutory, disqualification reconsideration is also available. See also Aetna Life & Casualty Co. v. Thorn, 319 So.2d 82, 84 (Fla. 3d DCA 1975) (successor judge had authority to grant relief from judgment). In sum, section 38.10 contains no indication that there was an intention to modify common law practice, and Florida law provides in all other contexts either that reconsideration is available by motion, § 38.07, Fla. Stat.; Dickinson v. Raichl, or that the acts of the disqualified judge are void. § 38.01, Fla. Stat.
We conclude, therefore, that the premise of petitioner's argument is correct: had the motion for disqualification been granted, he could have moved for reconsideration of the trial court's orders. The matter is not entirely moot. Under English v. McCrary, 348 So.2d 293, 296-97 (Fla. 1977), however, it appears that prohibition is not an available remedy, and the petition will instead be treated as one for writ of certiorari.
We next turn to the merits of the petition. Insofar as is pertinent here, the husband moved to disqualify the judge on the ground that the two opposing counsel, who represent the wife in the matrimonial action, are members of the Committee to Re-elect Judge Mary Ann MacKenzie. The re-election campaign is under way and the trial judge has drawn announced opposition. The Committee is actively conducting direct mail solicitation, requesting contributions and endorsements. The Committee's solicitation letter sets forth the reasons for the Committee's support, and concludes, "That is why we are helping Judge MacKenzie in her re-election campaign, and ask that you join us in these efforts." Beneath the text of the letter are the names of all members of the campaign committee, including the two attorneys representing the wife in the matrimonial action now pending before the trial judge.
The standards applicable here have been often stated:
Legal sufficiency is governed by a reasonable person standard. The affidavit must recite "facts and circumstances that would lead any normal human being in the position of [the movant] to `fear' that he would not receive a fair trial... ." Dickenson v. Parks, 104 Fla. [577] at 582, 140 So. [459] at 462 [(1932)]; accord Fischer v. Knuck, 497 So.2d 240 at 242 [(Fla. 1986)]; Livingston v. State, 441 So.2d 1083 at 1087 [(Fla. 1983)]. "`If the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there.'" Livingston v. State, 441 So.2d at 1087 (quoting State ex rel. Davis v. Parks, 141 Fla. 516, 518, 194 So. 613, 614 (1939)). So long as the allegations "`are not frivolous or fanciful, they are sufficient to support a motion to disqualify... .'" Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981) (quoting State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697-98 (1938)).
Breakstone v. MacKenzie, 561 So.2d 1164, 1167-1168 (Fla. 3d DCA 1989) (en banc); see also id., 561 So.2d at 1173-1174 (Ferguson, J., concurring); Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1111 (5th Cir.), cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).
In the present case the legal standard is met. The Committee was formed at least one year prior to the election, and plainly contemplates a course of activity on behalf of the judge during the year leading up to the election. There is a substantial and continuing relationship between the Committee and the trial judge, in a matter of great and immediate importance to the judge. In Breakstone we held that the legal standard for disqualification was met where an attorney had given a $500 contribution. A fortiori, disqualification is called for here, where there is a continuing affiliation in a joint project lasting a considerable period of time. It is the nature of the relationship which compels this result. We conclude that a reasonable litigant in the position of movant would fear that the trial court will be aware of the membership and *758 activities of her own contemporaneously active campaign committee, and will entertain a bias in favor of the side represented by her Committee members. See Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983); Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986); see also Roudner v. MacKenzie, 536 So.2d 299 (Fla. 3d DCA 1988); Overton, Trial Judges & Political Elections: A Time for Re-examination, 2 U.Fla.J.L. & Pub. Pol'y 10 (1988-89) ("[W]ould not a lawyer coming before a recently elected judge be concerned if opposing counsel had ... been on his campaign committee... .").
We do not say that a member of a campaign committee is perpetually barred from appearing before the trial judge. An appropriate approach to the problem is suggested by an opinion of the Committee on Standards of Conduct Governing Judges. In response to an inquiry the Committee advised that a judge should disqualify himself in cases involving the attorney who was his reelection opponent. The Committee recommended disqualification "for a period of time, perhaps two years, until ... considering all the circumstances ..., your impartiality cannot reasonably be questioned." Fla.Sup.Ct.Comm. on Stds. of Conduct Concerning Judges, Op. 84-23 (Oct. 26, 1984).[3] The question of post-election disqualification is not before us, but the Committee's opinion sets forth an appropriate framework for analysis.
In the present case the campaign committee is currently active. Disqualification is required. As has often been said:
Prejudice of a judge is a delicate question to raise but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised, should be prompt to recuse himself. No judge under any circumstances is warranted in sitting in the trial of a cause whose neutrality is shadowed or even questioned.
... .
... It is a matter of no concern what judge presides in a particular cause, but it is a matter of grave concern that justice be administered with dispatch, without fear or favor or the suspicion of such attributes. The outstanding big factor in every lawsuit is the truth of the controversy. Judges, counsel, and rules of procedure are secondary factors designed by the law as instrumentalities to work out and arrive at the truth of the controversy.
The judiciary cannot be too circumspect, neither should it be reluctant to retire from a cause under circumstances that would shake the confidence of litigants in a fair and impartial adjudication of the issues raised.

Dickenson v. Parks, 104 Fla. 577, 582-84, 140 So. 459, 462 (1932).
Livingston v. State, 441 So.2d 1083-86. See generally Brown v. St. George Island, Ltd., 561 So.2d at 253-257.
*759 We grant certiorari and quash the orders denying the motions for disqualification. Petitioner may move for reconsideration in the trial court. We certify that we have passed upon the following question of great public importance:
Is the trial judge required to disqualify herself on motion, where the attorneys for one of the parties are members of the judge's contemporaneously active campaign committee in a contested election?
See Fla.R.App.P. 9.030(a)(2)(A)(v), 9.120.
FERGUSON, J., concurs.
GERSTEN, Judge, concurring in part and dissenting in part.
I respectfully do not agree with the majority. Yes, two attorneys for the wife are members of respondent judge's re-election campaign. This fact alone is not sufficient legal grounds for recusal (or disqualification) of the judge.
The record only shows that the wife's attorneys permitted their names to appear with more than one hundred other attorneys on a letter. This letter, sent to other attorneys, endorsed the re-election of the judge, and, suggested a financial contribution to the judge's campaign.
I do not find this fact reasonably sufficient to create a well founded fear in the husband's mind, that he would not receive a fair trial. See State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939); State ex rel. Brown v. Dewell, 131 Fla. 566, 179 So. 695 (1938).
To support this position, I need only look to the cogent reasoning of Judge Nesbitt's dissenting opinion in Breakstone v. MacKenzie, 561 So.2d 1164 (Fla. 3d DCA 1989). In Breakstone, opposing counsel made a $500 contribution to the election campaign of a judge's spouse. A majority of this court, sitting en banc, concluded that the motions for disqualification should have been granted. The majority held that a $500 contribution to a judge's spouse, by opposing counsel, would "cause a reasonable person to fear a bias by the trial judge in favor of the opposing side." Breakstone, 561 So.2d at 1166. Judge Nesbitt, in dissent, asserted that the motions should be denied, stating in part:
[T]he en banc court's opinion judicially limits litigants' and their attorneys' freedom of political association far beyond that limitation already imposed by the legislature.
Breakstone, 561 So.2d at 1175.
I believe that Breakstone is analogous to this case. Here, as in Breakstone, the impact of the majority opinion will be to limit attorneys' freedom of political association in an area that has not been restricted by the legislature. Moreover, to carry the majority opinion to its logical conclusion, the respondent judge will now have to recuse herself, upon a motion for disqualification, every single time any one of the over one hundred attorneys, whose names appeared in the letter, have a case before her.
Based on the foregoing, I believe the petition should be denied and I therefore respectfully dissent from that portion of the majority opinion. I concur in the majority opinion, however, insofar as it certifies the question to the Florida Supreme Court.
NOTES
[1] H. Trawick, Trawick's Florida Practice & Procedure § 2-2 & n. 25 (1989 ed.); 13 Fla.Jur.2d, Courts & Judges § 262 (1979).
[2] For present purposes we assume, but do not decide, that the ability to move for reconsideration is a matter of substantive right. See Brown v. St. George Island, Ltd., 561 So.2d 253, 255-257 (Fla. 1990). Even if after the 1968 constitution this were considered to be a matter of procedure, see art. V, § 2(a), Fla. Const. (1968), we would reach the same result.
[3] Opinion 84-23 states, in pertinent part:

The present inquiry concerns disqualification after the election and asks whether the judge should disqualify himself in cases involving the attorney who opposed him for reelection. The majority of the Committee responds in the affirmative.
The majority of the Committee, seven of the ten members responding, recommends that you do disqualify yourself for a period of time, perhaps two years, until you believe that, considering all the circumstances of which you are more aware than we on the Committee, your impartiality cannot reasonably be questioned. This recommendation is based on Canon 3C(1) of the Code, which provides that a judge should disqualify himself in all proceedings "in which his impartiality might reasonably be questioned." Thus, even though no actual personal animosity exists between former political opponents, the public, attorneys, and litigants may be concerned that a judge will either rule too harshly, or "bend over backwards" to rule favorably, in a case involving his former opponent.
Three other members of the Committee would not recommend disqualification of a judge who has won a contested election in cases involving the judge's prior political opponent but would leave the matter entirely to the conscience of the judge. This minority view is that each case calls for individual consideration and that, depending on the circumstances, disqualification may not be required.
Fla.Sup.Ct.Comm. on Stds. of Conduct Concerning Judges, Op. 84-23; see Roudner v. MacKenzie, 536 So.2d at 299; Caleffe v. Vitale, 488 So.2d at 627-29.