PER CURIAM.
This is an appeal by the defendant Joseph H. Murphy, Jr. from an interlocutory *52 order denying the defendant’s motion to reconsider two orders entered by a prior magistrate in the case, to wit: (a) an arrest warrant issued against the defendant, and (b) a bail bond on two grand theft charges stated in the warrant in the amount of $500,000 and $100,000 respectively. The prior magistrate granted a defense motion to disqualify himself after issuing these orders, and the present magistrate was substituted therefor; no information has been filed in the case. We treat the appeal as a petition for a writ of certiorari, see Barber v. McKenzie, 562 So.2d 755 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 288 (Fla.1991), and deny the petition.
The law is well settled that where a judge is disqualified in a ease, “[p]rior factual and legal rulings ... may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration” which, as here, is otherwise timely filed, Fla.R.Jud.Admin. 2.160(h). The defendant in the instant case, however, did not seek a reconsideration on the factual or legal merits of the subject arrest warrant or bail-bond rulings. In his motion for reconsideration, the defendant makes no contention that the subject arrest warrant was issued without probable cause or was otherwise legally defective as to form, see § 901.02, Fla.Stat. (1991); Fla.R.Crim.P. 3.121(a), or that the bail bonds were set in an excessive amount and should be reduced. See § 903.046, Fla. Stat. (1991); Fla.R.Crim.P. 3.131(b)(1)(E); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). Instead, the defendant urged as his sole ground for vacating the subject rulings that the prior magistrate was disqualified to sit in the case based on facts which preceded these rulings, and, consequently, all prior orders in the cause should be vacated, quite apart from the legal or factual merits of such rulings. We cannot agree. A party is not entitled to a vacation of all prior orders entered in the cause by a disqualified judge, but only to a reconsideration on the legal and factual merits of such orders. Because no such reconsideration was sought in this case, the petition for a writ of certiorari must be denied. This ruling, however, shall be without prejudice to the defendant to amend his motion for reconsideration to request that the arrest warrant and bail rulings be reconsidered based on their legal or factual merits.
Certiorari denied.