PER CURIAM.
This is an appeal by the plaintiffs Marta and Luis G. Garcia from a final judgment entered upon an adverse jury verdict in an action brought to collect on an insurance policy. We affirm.
First, we are not persuaded that defense counsel’s abbreviated remarks to the jury concerning the motivation for this action mandated a mistrial because (a) a proper cautionary instruction cured any impropriety in counsel’s remarks during opening statement, and (b) counsel’s remarks during closing argument were, at worst, harmless in nature. See Brumage v. Plummer, 502 So.2d 966, 969 (Fla. 3d DCA), rev. denied, 513 So.2d 1062 (Fla.1987); Honda Motor Co. v. Marcus, 440 So.2d 373, 377 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 886 (Fla.1984); Decks, Inc. v. Nunez, 299 So.2d 165, 166-67 (Fla. 2d DCA 1974), cert, denied, 308 So.2d 112 (Fla.1975).
Second, no reversible error is shown concerning the refused jury instructions or the complained-of affidavit. See West Town Plaza Assocs. v. Pines Properties, Inc., 600 So.2d 477, 478-79 (Fla. 4th DCA 1992); Giordano v. Ramirez, 503 So.2d 947, 949 (Fla. 3d DCA 1987); Rodriguez v. Haller, 177 So.2d 519, 520-21 (Fla. 3d DCA 1965); Llompart v. Lavecchia, 374 So.2d 77, 80 (Fla. 3d DCA 1979), cert, denied, 385 So.2d 758 (Fla.1980).
*302 Finally, no error is shown in the denial of plaintiffs’ post-trial motion to disqualify the trial judge. Plainly, the trial judge did not, as urged, dispute the truth of any of the facts stated in the sworn motion to disqualify. Although defense counsel’s wife was the trial judge’s campaign manager in the judge’s last re-election campaign to the bench, this in itself was not, as urged, a sufficient ground for disqualification under the circumstances of this case. This is so because the subject campaign was four years prior to the motion to disqualify in this case, and, thus, was too remote in time to engender a well-grounded fear by the plaintiffs that they would not receive a fair trial or hearing at the hands of the judge. See Barber v. MacKenzie, 562 So.2d 755, 756 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 288 (Fla.1991) (two-year limit for disqualification after attorney participates in trial judge’s election to bench).
Affirmed.