829 So.2d 967 (2002)
The NEIMAN-MARCUS GROUP, INC., a foreign corporation, and Nicholas Grey, Petitioners,
v.
Carl ROBINSON, Jr. and Cynthia Robinson, Respondents.
No. 4D02-2577.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
*968 Elliot H. Scherker and Alan T. Dimond of Greenberg Traurig, P.A., Miami, for petitioners.
Edna L. Caruso and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Todd R. Falzone of Sheldon J. Schlesinger, P.A., Ft. Lauderdale, for respondents.
PER CURIAM.
The Neiman-Marcus Group, Inc., and Nicholas Grey, Petitioners, timely petition for a writ of prohibition with regards to the trial court's denial of their motion for disqualification of the trial judge. For the following reasons, we grant the petition.
At the conclusion of a hearing on the Petitioners' motion for partial summary judgment, the trial judge informed the parties that the Respondents' attorney served as his campaign treasurer in his reelection campaign. The Petitioners timely moved for disqualification of the judge. The Respondents argued in their memorandum of law that disqualification wasn't warranted since the judge's campaign ended before the motion for disqualification was filed. The trial court denied the motion as legally insufficient.
We have jurisdiction. See Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). "To determine the legal sufficiency of a motion for judicial disqualification based on prejudice, the test is whether the motion demonstrates a well-founded fear on the part of the party that he will not receive a fair trial at the hands of the trial judge." Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995)(citing Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988)).
It's been held that an attorney's involvement with the reelection committee of a judge's ongoing campaign may be grounds for disqualification of the judge. See Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986). However, involvement in a campaign alone may not be enough to warrant disqualification. See Zaias v. Kaye, 643 So.2d 687 (Fla. 3d DCA 1994). Certain types of involvement by an attorney in a judicial campaign, such as making contributions, is not necessarily enough to constitute grounds for disqualification of the judge. See Cherradi v. Andrews, 669 So.2d 326 (Fla. 4th DCA 1996). The movant must show that the attorney and judge enjoy a "specific and substantial political relationship." Caleffe, 488 So.2d at 629.
We hold that where a judge selects an attorney to serve in the special role of campaign treasurer in an election campaign, and the campaign is not remote in time from the date the relationship is revealed to the opposing party, disqualification is warranted.
The Respondents argued that Caleffe does not apply since the campaign in the instant case had concluded. We are not persuaded by this argument. Here, a matter of days separated the conclusion of the campaign and the date the judge revealed the basis for disqualification. We agree with the Third District that a recommendation by the Florida Supreme Court Committee on Standards of Conduct Concerning Judges provides guidance. See Barber v. Mackenzie, 562 So.2d 755 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 288 (1991). The Third District noted that in a situation regarding disqualification of a trial judge from cases involving his election opponent, the committee recommended "disqualification `for a period of time, perhaps two years, until ... considering all the circumstances ..., your impartiality cannot reasonably be questioned.'" Id. at 758 (quoting Fla. Sup.Ct. Comm. on Stds. of Conduct Concerning Judges, Op. 84-23 (Oct. 26, 1984)).
Here, the relationship was not so remote in time as to dispel any appearance of impropriety. Cf. Garcia v. Am. Income Life Ins. Co., 664 So.2d 301 (Fla. 3d DCA *969 1995), rev. denied, 673 So.2d 29 (Fla.1996) (holding that attorney's wife's participation in reelection campaign which concluded four years before motion for disqualification was brought was too remote in time to warrant disqualification).
Accordingly, we grant the petition for writ of prohibition and direct the trial judge to enter an order of disqualification upon remand.
STONE, SHAHOOD and HAZOURI, JJ., concur.