895 So.2d 1169 (2005)
Lawrence F. BRAYNEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D04-3673.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Rehearing Denied April 6, 2005.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Chief Assistant Public Defender, Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Lawrence Braynen petitions for writ of prohibition seeking to disqualify circuit judge Cheryl Aleman from presiding over his criminal prosecution. The grounds asserted for disqualification were that one of Braynen's attorneys, Sandra Perlman, was on the steering committee for Judge Aleman's opponent in a contested judicial race.
Attached to the motion to disqualify in the circuit court was a campaign letter supporting the judge's opponent; Perlman's name appears as one of thirty-four members of the steering committee. Being one of thirty-four members of a candidate's steering committee is not the type of "`specific and substantial political relationship'" that constitutes grounds for disqualification. See Neiman-Marcus Group, Inc. v. Robinson, 829 So.2d 967, 968 (Fla. 4th DCA 2002) (quoting Caleffe v. Vitale, 488 So.2d 627, 629 (Fla. 4th DCA 1986)); Zaias v. Kaye, 643 So.2d 687 (Fla. 3d DCA 1994) (holding that the "fact that an attorney made a campaign contribution to a judge or served [as one of over sixty members] on a judge's campaign committee does not, without more, require disqualification.").
Petition for writ of prohibition denied.
*1170 STEVENSON and GROSS, JJ., concur.
FARMER, C.J., concurs specially with opinion.
FARMER, C.J., concurring specially.
I join in denying prohibition because our settled precedents do indeed hold that merely making campaign contributions or serving on a judge's election committee are not enough to obtain the writ. See Marexcelso Compania Naviera, S.A. v. Florida Nat'l Bank, 533 So.2d 805, 807 (Fla. 4th DCA 1988) ("Marexcelso moved to disqualify the trial judge because its attorney had not been asked to endorse the trial judge or contribute to her campaign whereas the attorney for the Bank and the Developers had been so requested. In our view, these facts do not rise to the level of a specific and substantial political relationship such as was expressly disapproved of in Caleffe. Rather, these facts exhibit the type of endorsements and financial support that lawyers are generally encouraged to give judicial candidates."); Keane v. Andrews, 555 So.2d 940 (Fla. 4th DCA 1990) ("We hold that a contribution not exceeding the legal limit for campaign contributions made by counsel to the campaign of a trial judge before whom counsel then appears is a legally insufficient ground to justify recusal, and a motion for disqualification based solely on that ground may be denied."). In my opinion however these decisions are no longer sound. They arose in a not-so-distant date when aspirations for judicial elections were high and professional influences restrained judicial candidates.
But the legal landscape on judicial elections has changed significantly. After the Court's decision in Republican Party of Minnesota v. White, 536 U.S. 765, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002), judicial elections can no longer be distinguished on any serious basis from elections of other candidates to office. White explicitly held that even the strong interest in having impartial judges does not shield their elections from public debate about their qualifications. White 536 U.S. at 781-82, 122 S.Ct. 2528 ("The role that elected officials play in our society makes it all the more imperative that [judges] be allowed freely to express themselves on matters of current public importance."). Candidates now have not only the right but a strong imperative, I think, to campaign for office like candidates for election to the legislature or executive offices. Any reasonable person could understandably fear a judge's impartiality when the opposition gave money or served on her election committee.
In spite of our extant precedent, a judge would be well advised to grant recusal under these circumstances. I urge all trial judges to do so in spite of our precedents. If given the opportunity, I will vote to overturn all our precedents denying prohibition on account of judicial election ties and vote to install a regime of blanket disqualification. If such a regime is too disruptive to the operation of courts, well then maybe we should rethink our dedication to the direct election of judges.