ON MOTIONS FOR REHEARING
EDWARDS, J.
We grant in part and deny in part the Respondents’ motions for rehearing and motion for clarification. We withdraw our previously-issued opinion, and substitute this one in its place.
Eric Rivera (“Petitioner”) sought a. writ of prohibition from this Court to review the trial court’s denial of his motion to disqualify the presiding judge. We grant the petition because the motion to disqualify was legally sufficient.
The motion to disqualify alleges that in the underlying case, Joshua Bosque (“Respondent”), is represented in his personal injury case against Petitioner by two attorneys from the same law firm. The motion further alleges that both of Respondent’s attorneys are involved in the trial judge’s current, ongoing reelection campaign. .Petitioner’s motion to disqualify asserts that one of Respondent’s attorneys is simply listed as one of many attorneys who support the. judge’s reelection. However, in his motion to disqualify, Petitioner alleges that Respondent’s other attorney, Armando Payas, was a member of the host committee for a reception in support of the judge’s reelection. Attached to the motion to disqualify were what Petitioner identified as copies of a reeleetion flyer and of the reelection web page of the trial judge. The flyer for the reception in support of the reelection of the trial judge lists Armando Payas as a member of the event host ’committee, notes that the maximum allowed donation is $1000, and states that the host committee appreciates contributions at any level.
The timing, nature, and extent of participation in a judge’s campaign are relevant factors to be evaluated when considering whether a motion for disqualification based on counsel’s campaign-related activities are legally sufficient or not. Florida law is clear that involvement of a relatively limited nature in a judge’s campaign is not grounds for disqualification. See, e.g., MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990) (holding mere fact of campaign contribution, standing alone, does not require disqualification); Braynen v. State, 895 So.2d 1169, 1169 (Fla. 4th DCA 2005) (holding disqualification is not required where Petitioner’s counsel was on thirty-four member steering committee supporting trial judge’s opponent, where election had concluded); Zaias v. Kaye, 643 So.2d 687, 687-88 (Fla. 3d DCA 1994) (holding that counsel’s campaign contribution of unspecified amount and service as one of sixty members on judge’s concluded campaign did not require disqualification).
On the other hand, counsel’s involvement of a significant nature in a cur *891 rent, ongoing, or recently concluded reelection campaign can constitute sufficient legal grounds for granting a motion to disqualify. See Neiman-Marcus Grp., Inc. v. Robinson, 829 So.2d 967, 968 (Fla. 4th DCA 2002) (holding that disqualification was required where opposing counsel was campaign treasurer for trial judge, and campaign had concluded only days earlier); Barber v. MacKenzie, 562 So.2d 755, 757-58 (Fla. 3d DCA 1990) (mandating disqualification where trial judge had drawn announced Opposition and wife’s lawyers were members of judge’s active, ongoing, reelection campaign committee which conducted direct mail solicitation that requested contributions and endorsements); Caleffe v. Vitale, 488 So.2d 627, 628 (Fla. 4th DCA 1986) (holding that husband’s motion for disqualification should have been granted where wife’s lawyer co-chaired judge’s ongoing campaign for reelection).
We are confident that the trial judge would have afforded the parties a fair trial. However, the test for legal sufficiency of a motion to disqualify is governed by a reasonable person standard based upon allegation of facts and circumstances that would lead a reasonable' person in the movant’s position to fear that he will not receive impartial, fair treatment. Barber, 562 So.2d at 757 (quoting Dickenson v. Parks, 104 Fla. 577, 140 So. 459, 462 (1932)). “So long as the allegations ‘are not frivolous or fanciful, they are sufficient to support a motion to disqualify.’” Id (citations omitted), We have carefully considered the specific allegations of Petitioner’s motion , to disqualify, the attached reelection campaign documents, and Petitioner’s affidavit. Because those allegations describe the involvement of Respondent’s counsel, Mr. Payas, in the judge’s current, ongoing campaign to be of a significant nature, we find that the motion to disqualify was legally sufficient and should have been granted.[1]
PETITION GRANTED.
PALMER, J., concurs.
COHEN, J., concurs specially with opinion.

. The trial judge filed a motion for rehearing and clarification in which he advised, inter alia, that he has already entered an order disqualifying himself from the case.