643 So.2d 687 (1994)
Nardo ZAIAS, et al., Petitioners,
v.
Honorable Robert P. KAYE, Respondent.
No. 94-2139.
District Court of Appeal of Florida, Third District.
October 12, 1994.
Murphy & Roig, and Patrick J. Murphy, Fort Lauderdale, for petitioners.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., for respondent.
Before BASKIN, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Petitioners seek a writ of prohibition challenging respondent's denial of a motion for disqualification. We deny the petition.
On August 31, 1994, petitioners moved to disqualify respondent, Judge Robert P. Kaye, because opposing counsel contributed to Judge Kaye's re-election campaign and served as one of over sixty members on his campaign committee. Petitioners alleged that difficulties they encountered in scheduling a hearing on their summary judgment motion evidenced the judge's bias. Judge Kaye has been re-elected, and the case is set for trial in the near future.
The fact that an attorney made a campaign contribution to a judge or served on a judge's campaign committee does not, without more, require disqualification. Nathanson v. Korvick, 577 So.2d 943 (Fla. 1991); MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990). In general, facts must be alleged indicating "a specific and substantial political relationship" between the parties to constitute legally sufficient grounds for disqualification. See MacKenzie v. Super Kids Bargain Store, Inc., *688 565 So.2d at 1338 n. 5 (quoting Caleffe v. Vitale, 488 So.2d 627 (Fla. 4th DCA 1986)).
We note also that we are not faced with the circumstances present in Barber v. MacKenzie, 562 So.2d 755 (Fla. 3d DCA 1990), review denied, 576 So.2d 288 (Fla. 1991), where during the trial, counsel served as a member of the judge's contemporaneously active campaign committee. For these reasons, we deny the petition for a writ of prohibition.
Petition denied.