

FILED

Dec 12 2016, 6:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Mathews,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 12, 2016

Court of Appeals Case No.
01A02-1601-CR-104

Appeal from the Adams Superior
Court

The Honorable Patrick R. Miller,
Judge

Trial Court Cause No.
01D01-1411-F6-52

**Mathias, Judge.**

[1]     David A. Mathews ("Mathews") was convicted in Adams Superior Court of misdemeanor operating a vehicle while intoxicated and felony obstruction of justice. Mathews appeals the order of the trial judge, his former lawyer in a tangentially related case, denying his motion for recusal and requests a new trial. We affirm.

## Facts and Procedural Posture

[2]     On July 24, 2003, Mathews was charged with several violations of Title Nine of the Indiana Code, "Motor Vehicles," including Class D felony operating a vehicle while intoxicated endangering a person. The case was heard in Adams Superior Court under cause number 01D01-0307-FD-053 ("the 2003 Case"). Patrick R. Miller, then a public defender ("Attorney Miller"), now Adams Superior Court judge ("Judge Miller"), was appointed counsel to Mathews. On November 26, 2003, with the advice of Attorney Miller, Mathews pleaded guilty to the felony charge in exchange for dismissal of the remaining charges against him. Mathews was sentenced the same day, with most of the sentence suspended to probation.

[3]     On June 3, 2004, new charges were filed against Mathews. As a result, on July 22, 2004, Mathews's probation officer filed a petition of probation violation in the 2003 Case. The court appointed Attorney Miller to represent Mathews again in the probation violation proceeding. Attorney Miller noticed his intent to decline the appointment on August 3, 2004, and was withdrawn by the court the same day.[1] On March 15, 2005, Mathews admitted to violating his probation in the 2003 Case.

[4]     On May 16, 2011, almost eight years after being charged in the 2003 Case, Mathews was charged with Class D felony intimidation and Class B

---

[1] The grounds for Attorney Miller's withdrawal do not appear in the record.

misdemeanor public intoxication. In its final disposition,[2] the case was heard under cause number 01C01-1202-FD-001 ("the 2011 Case"). In light of his prior record, including the 2003 Case, the State sought habitual substance offender status for Mathews under now-repealed Indiana Code § 35-50-2-10(b), relying in part on the conviction in the 2003 Case as a predicate for the habitual substance offender finding. The proceeding was to be bifurcated, with the felony and misdemeanor charges to be heard in the first phase and the recidivist charge in the second. Presiding over Mathews's February 8, 2012, jury trial in Adams Superior Court was Attorney Miller, who had since been elected in 2008 to become Judge Miller, as of January 1, 2009, all more than five years after his representation of Mathews as a public defender.

[5]     At the conclusion of the first phase, the jury returned guilty verdicts on the felony and misdemeanor charges. Mathews then moved for a mistrial, arguing that Judge Miller's representation of Mathews in the 2003 Case disqualified Judge Miller from presiding over proceedings in the 2011 Case because the convictions in the 2003 Case were to be part of the State's evidence on the recidivist charge in the 2011 Case. Judge Miller denied Mathews's motion but, out of an abundance of caution and concern for the appearance of impropriety, transferred the case to the judge of Adams Circuit Court to hear the recidivist charge. The circuit court jury found Mathews to be a habitual substance

---

[2] Before being transferred to Adams Circuit Court as described below, the case was heard under cause number 01D01-1105-FD-0048.

offender. After sentencing, Mathews was committed to the Department of Correction. This court affirmed Judge Miller and Mathews's convictions on direct appeal. *Mathews v. State*, 978 N.E.2d 438 (Ind. Ct. App. 2012).

[6] On November 7, 2014, while on parole from his sentence in the 2011 Case, Mathews was charged with a number of new motor vehicle offenses, including Class A misdemeanor operating a vehicle while intoxicated, and with Level 6 felony obstruction of justice, stemming from Mathews's refusal to comply with a search warrant ordering a draw of his blood. These charges, heard in Adams Superior Court under cause number 01D01-1411-F6-0052 ("the 2014 Case"), underlie Mathews's current appeal. As a result of the charges, Mathews was found to have violated his parole in the 2011 Case and remanded to the Department of Correction.

[7] On November 10, 2014, more than eleven years after being charged in the 2003 Case, Mathews was brought before Judge Miller for his initial hearing in the 2014 Case. Neither Mathews, who was unrepresented at the initial hearing, nor Judge Miller brought up Judge Miller's former representation of Mathews in the 2003 Case or Mathews's motion for a mistrial in the 2011 Case. Judge Miller recommended that Mathews decide quickly whether he wanted to retain private counsel or have counsel appointed, or risk missing important deadlines and thus "giv[ing] up rights, pleadings or defenses" available to him. Tr. p. 12. On December 15, 2014, Judge Miller appointed a public defender to Mathews's case.

[8]     On April 1, 2015, Mathews and counsel appeared before Judge Miller for a pretrial conference. There, Mathews made the following statement to the court:

> Your Honor, I would like to make two requests of my public defender at this time. [First, I want him to move to dismiss for lack of a speedy trial.] And the second request your honor, is that I would like him to file a Change of Venue or Change of Judge due to your bias because of the past experiences that I had with you on the last trial. You know I had you thrown off the bench your honor and I don't believe that you can make any fair judgment without being uh showing your personal and professional feelings towards me or the decisions that you make in that courtroom. Um, that is just how I feel. I still feel that I got denied a fair trial in the last process that I went in front of you your honor. And I wish for [my attorney] to file both of those if he could?

*Id.* at 26–27. Mathews's counsel then requested to be withdrawn from the representation for lack of his client's trust. However, Mathews denied that he wanted a different attorney. Judge Miller denied counsel's request, invited him to file a formal motion to withdraw if he wished, and further invited counsel,

> if you believe that it is appropriate and not [frivolous] to file a motion to dismiss or motion to change venue or judge, feel free to file it, I will address them promptly at that point in time once they're filed, but they have to be in writing.

*Id.* at 30.

[9]     On June 9, 2015, Mathews appeared before a senior judge of Adams Superior Court for another pretrial conference. Mathews appeared with new counsel, a

different public defender, who explained that Mathews's previous counsel had resigned from the public defender's office.

[10] The same day as the conference, June 9, 2015, the chronological case summary shows entry of "Defendant's Verified Motion for Recusal of Judge." The "verified motion" was not verified, cited no trial rule or statute, and was misdated by more than eight months. Factually, the motion alleged merely that Judge Miller had previously represented Mathews and previously recused himself from Mathews's trial in the 2011 Case. Legally, the motion alleged that Judge Miller was required to recuse himself under "Judicial Canon 2.11(A)," and that failure to recuse would deprive Mathews of his "substantive due process" rights. Appellant's App. p. 56. The motion was signed by Mathews's former attorney. *Id.* at 57. More than two months had passed since Mathews raised the issue before Judge Miller at the April 1, 2015, pretrial conference.

[11] On June 15, 2015, Judge Miller denied the motion for recusal. The grounds for that denial do not appear in the record.

[12] On November 23, 2015, Mathews's case was tried to a jury before Judge Miller. The jury found Mathews guilty of operating while intoxicated and obstruction of justice as charged. Mathews was sentenced by Judge Miller on December 17, 2015.

[13] This appeal followed.

# Standard of Review

[14] We review rulings on motions for recusal for clear error. *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003).

# Discussion

[15] It is well settled that adjudication by an impartial tribunal is one of the fundamental requirements of due process imposed on the courts of this state by the Fourteenth Amendment to the federal constitution. *Tumey v. Ohio*, 273 U.S. 510, 535 (1927); *Blanche v. State*, 690 N.E.2d 709, 714 (Ind. 1998). Judges are presumed impartial and unbiased. *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). "[T]he law will not suppose a possibility of bias or favour in a judge, who is already sworn to administer impartial justice, and whose authority greatly depends upon that presumption and idea." 3 William Blackstone, *Commentaries* *361.

## I. Recusal Under the Rules of Criminal Procedure

[16] Ordinarily in a criminal case, parties seeking to overcome the presumption of judicial impartiality must move for a change of judge under Rule 12 of the Indiana Rules of Criminal Procedure. "The law is settled that a defendant is not entitled to a change of judge where the mandates of . . . Rule 12 have not been followed." *Flowers v. State*, 738 N.E.2d 1051, 1060 (Ind. 2000). Rule 12 requires the movant to submit a verified affidavit reciting the reasons why bias or prejudice is believed to exist and historical facts supporting those reasons. Ind. Crim. Rule 12(B). The motion must be made within thirty days of the initial

hearing unless due diligence could not have discovered the reasons for recusal within that period. Crim. R. 12(D)(1). The judge must grant the motion if the facts recited in the affidavit support a rational inference of bias or prejudice. Crim. R. 12(B).

[17] Mathews concedes that his cursory, unverified motion for recusal, filed seven months after his initial hearing before Judge Miller, does not follow the mandates of Rule 12. However, Mathews argues that he is nonetheless entitled to relief because the Indiana Code of Judicial Conduct ("the Code") required Judge Miller to recuse himself.

## II. Recusal Under the Code of Judicial Conduct

[18] The Code provides that "[a] judge shall disqualify himself . . . in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Ind. Judicial Conduct Rule 2.11(A). This general rule specifically includes cases where the judge has "served as a lawyer in the matter in controversy . . . ." *Id.* at (A)(6). The Comment to Rule 2.11 notes that a judge's obligation to disqualify himself under the Rule "applies regardless of whether a motion to disqualify is filed." Jud. Cond. R. 2.11 cmt. [2]. The Comment further recommends that a judge "disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification." *Id.* at [5].

[19]    Mathews does not allege actual bias or prejudice against him on Judge Miller's part. Rather, Mathews argues that Judge Miller's impartiality might have been reasonably questioned in light of his former representation of Mathews in the 2003 Case and in light of his earlier recusal from the recidivism proceeding in the 2011 Case. Mathews argues further that the 2003 Case was a "matter in controversy" in the 2014 Case. Finally, Mathews observes that Judge Miller did not disclose his prior involvement with Mathews, but that this would reasonably have been considered relevant and therefore should have been disclosed. The State disagrees.

### A. The Code of Judicial Conduct Does Not Create Freestanding Rights of Enforcement in Litigants

[20]    At the outset it is necessary to address the proposition underlying Mathews's arguments: that the Code supplies a freestanding mechanism for relief, independent of a properly brought Rule 12 motion. We disagree.

[21]    Mathews relies on *Sisson v. State*, 985 N.E.2d 1 (Ind. Ct. App. 2012), and *Voss v. State*, 856 N.E.2d 1211 (Ind. 2006), in support of this proposition. In the latter case, Voss lodged an interlocutory appeal challenging the trial judge's temporary transfer of Voss's case to another judge for the limited purpose of resolving a Rule 12 recusal motion brought by the State. Our supreme court held both that the transfer was improper and that the State's motion and the allegations contained therein were insufficient to support a rational inference of bias or prejudice as a matter of law. *Voss*, 856 N.E.2d at 1219-20.

The court then expressly declined to answer whether the judge "should nevertheless disqualify himself in this case." *Id.* at 1220. The court noted the judge's "continuing obligation [under the Code of Judicial Conduct] to sua sponte disqualify himself" where the Code so requires. *Id.* The court further noted that the Code requires consideration of a broader "array of circumstances" than does Rule 12, including "the judge's own personal beliefs, values, [and] opinions," and that therefore "the issue under [the Code] may provide an independent basis requiring disqualification even if the analysis required for determination under [Rule 12] would not require a change of judge." *Id.* at 1220–21. After considering what the Code might require of the judge in this case, the court then remanded the case to the judge "so that he may personally consider whether to disqualify himself if he deems it appropriate" under the Code. *Id.* at 1221.

In *Sisson*, this court considered the requirements of the Code independently of a procedurally defaulted Rule 12 motion, only to conclude that a judge qualified to preside over the guilt phase of trial cannot be disqualified to preside over the sentencing phase. 985 N.E.2d at 19-20.

Recusal cases have sometimes treated the Code as supplying the substantive content of the standard for recusal under Rule 12. *See, e.g., Thakkar v. State*, 644 N.E.2d 609 (Ind. Ct. App. 1994). However, no decision of this court or our supreme court has granted relief solely on the basis of the Code's requirements absent an independent procedural vehicle for bringing the claim. *See, e.g., Patterson v. State*, 926 N.E.2d 90 (Ind. Ct. App. 2010) (claim for ineffective

assistance of counsel) (in light of the Code's requirements, ineffective assistance when defendant's attorney did not move for recusal under Rule 12); *Calvert v. State*, 498 N.E.2d 105 (Ind. Ct. App. 1986) (motion for mistrial) (defendant's attorney learned of disqualifying facts during trial and promptly moved for mistrial); *Stivers v. Knox County Department of Public Welfare*, 482 N.E.2d 748 (Ind. Ct. App. 1985) (claim of fundamental error) (unnamed procedural deficiencies in the Rule 12 motion excused by fundamental error).

[25] It is undeniable that the Code fixes a judge's obligations. We hold, however, that those obligations do not create freestanding rights of enforcement in private parties. The Code's obligations are enforced by the individual judge against himself in the first instance, *see Voss*, 856 N.E.2d at 1221 (remand the appropriate remedy, so that the judge "may personally consider whether to disqualify himself" under the Code), *Tyson v. State*, 622 N.E.2d 457 (Ind. 1993) (recusal analysis and statement of Chief Justice Shepard), and in the last instance by disciplinary actions of our supreme court. *See* Ind. Admission and Discipline Rule 25(VIII) ("Disciplinary Procedure").

[26] Accepting Mathews's contrary position would effectively nullify Rule 12 by creating a new species of recusal motion that could be brought at any time, in any manner, on grounds far broader than those contemplated by Rule 12. *See Voss*, 856 N.E.2d at 1220 (contrasting the "broad array of circumstances" to be considered under the Code with the limited "assertions of historical fact" to be considered in Rule 12 affidavits). This cannot be the result intended by the drafters of Rule 12 and of the Code. *See* Jud. Cond. R. Preamble [3] ("The Code

is intended . . . to provide a basis for regulating [judicial] conduct through disciplinary agencies."), Scope [7] ("The Code . . . is [not] intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages . . . .").

[27] Moreover, Mathews's position would allow litigants, trial courts, and indeed this court to usurp the exclusive supervisory authority of our supreme court over judicial conduct. *See* Ind. Const. art. VII, § 4 (original jurisdiction of supreme court over judges and courts); Admis. Disc. R. 25(I)(A) (exclusive, original jurisdiction of supreme court over discipline of judges); Ind. Appellate Rule 4(B)(2) (exclusive jurisdiction of supreme court over supervision of judges), (3) (exclusive jurisdiction of supreme court over supervision of courts).

[28] For these reasons, Mathews is not entitled here to consideration of his freestanding claim for recusal under the Code.

### B. Judge Miller Was Not Required to Recuse Himself Under the Code

[29] Even if this court were to undertake independent review of Judge Miller's decision in light of the Code's requirements, Mathews would not prevail.

[30] First, in support of his position that the 2003 Case was a "matter in controversy" in the 2014 Case, Mathews argues that the 2003 Case (in which Attorney Miller represented Mathews) was "in controversy" in the 2011 Case (the recidivist phase of which Judge Miller recused himself from) as an offense predicate to the habitual substance offender charge. Mathews argues further that the 2011 Case was "in controversy" in the 2014 Case (the basis of the

instant appeal) because the charges in the 2014 Case resulted in revocation of parole in the 2011 Case; an acquittal in the 2014 Case, argues Mathews, "presumably would serve as a full defense in the parole proceedings" in the 2011 Case. Appellant's Br. p. 12.

[31] The first link in this chain, connecting the 2003 Case to the 2011 Case, is tenuous. *See Dishman v. State*, 525 N.E.2d 284, 285–86 (Ind. 1988) (no error where trial judge, formerly a prosecutor who secured convictions underlying a habitual offender finding, did not recuse himself from the habitual offender proceeding, because there was no "factual contesting" of the prior convictions); *Gunter v. State*, 605 N.E.2d 1209, 1211 (Ind. Ct. App. 1993) (no cause for disqualification on facts nearly identical to those in *Dishman*).

[32] The second link, however, connecting the 2011 Case to the 2014 Case, is in fact no link at all. The decision to revoke Mathews's parole in the 2011 Case was entirely and legally independent of the final disposition of the 2014 Case.

[33] Parole may be revoked if a parolee violates the conditions of his parole. I.C. § 11-13-3-10(c). One condition of parole is that the parolee not commit further crimes during the parole period. *Id.* at 4(a). Violations of parole may be proved by a preponderance of the evidence, *Harris v. State*, 836 N.E.2d 267, 270 (Ind. Ct. App. 2005), and the rules of evidence do not apply in parole revocation hearings. Ind. Evidence Rule 101(d)(2). Thus, a parolee's commission of another crime in violation of the conditions of his parole may be proved by a lower quantum of proof than is required for a criminal conviction, and without

restriction by the rules of evidence. Mathews could have been acquitted by an insufficiency of admissible evidence proving his guilt beyond a reasonable doubt, and still have been found to have violated his parole by a preponderance of otherwise inadmissible evidence, including hearsay. *See Harris*, 836 N.E.2d at 280 (evidence in parole revocation hearing need only bear "some substantial indicia of reliability"). The 2003 Case was not, therefore, a "matter in controversy" in the 2014 Case.

[34] Second, we do not agree with Mathews that Judge Miller's recusal from the recidivist proceedings in the 2011 Case could in itself be grounds for reasonably questioning Judge Miller's impartiality in a factually and legally unrelated proceeding two years later. Indeed, to weigh any prior recusal from a proceeding involving one party in favor of all future recusals from proceedings involving the same party would perversely disincentivize judges from recusing themselves where not absolutely mandated by the letter of the law, lest they be barred in the future from discharging their concurrent duty to "hear and decide" matters assigned to them. Jud. Cond. R. 2.7.

[35] Finally, as to Judge Miller's failure to disclose sua sponte his prior representation of Mathews, we note that this directive appears in a nonbinding comment to a rule, not in a rule itself. Jud. Cond. R. 2.11 cmt. [5]. However, it would seem that, as repetitive as such a disclosure might become in the case history of a serial recidivist like Mathews, disclosure is preferred.

# Conclusion

For these reasons, we cannot say that Judge Miller's denial of Mathews's procedurally defaulted Rule 12 motion was clearly erroneous.

Affirmed.

Robb, J., and Brown, J., concur.