FILED

Jun 22 2017, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Patrick Cheek,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 22, 2017<br><br>Court of Appeals Case No.<br>34A04-1610-CR-2326<br><br>Appeal from the Howard Superior Court.<br>The Honorable William C. Menges, Jr., Judge.<br>Trial Court Cause No.<br>34D01-1510-F5-894 |

**Shepard, Senior Judge**

[1]     Appellant William Patrick Cheek contends that the trial judge in his case should have recused in light of the Prosecuting Attorney's participation on the judge's re-election committee.  Like our colleagues in the parallel appeal of *Abney v. State*, we conclude that the Code of Judicial Conduct did not require recusal.

# Facts and Procedural History

In October 2015, the State charged Cheek with three felony drug offenses. After Cheek failed to appear for a February 2016 pre-trial conference, the State charged him with the additional offense of failure to appear. At his jury trial on that charge, Cheek filed a motion to recuse. Once the jury was selected, but out of its presence, the trial court held a hearing on Cheek's motion and thereafter denied the motion. Cheek was found guilty of failing to appear, a Level 6 felony,[1] and was sentenced to 730 days executed. He now appeals the denial of his motion to recuse, his conviction, and his sentence.

# Discussion and Decision

## I. Recusal of Trial Judge

Cheek contends that the fact that the Howard County Prosecutor was on Judge William Menges' re-election committee demonstrates a personal bias by Judge Menges such that his recusal was required.

This Court has recently described the standard for our review of decisions on motions to recuse. Writing for a unanimous panel, Judge Brown said:

> A ruling upon a motion to recuse rests within the sound discretion of the trial judge and will be reversed only upon a showing of abuse of that discretion. An abuse of discretion occurs when the trial court's decision is against the logic and

---

[1] Ind. Code § 35-44.1-2-9 (2014).

effect of the facts and circumstances before it. When reviewing a trial judge's decision not to disqualify h[im]self, we presume that the trial judge is unbiased. 'In order to overcome that presumption, the appellant must demonstrate actual personal bias.' In addition, the mere appearance of bias and partiality may require recusal if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. Upon review of a judge's failure to recuse, we will assume that a judge would have complied with the obligation to recuse had there been any reasonable question concerning impartiality, unless we discern circumstances which support a contrary conclusion.

*Bloomington Magazine, Inc. v. Kiang*, 961 N.E.2d 61, 63-64 (Ind. Ct. App. 2012) (citations omitted).

[5] Although the Indiana Code of Judicial Conduct fixes a judge's obligations, these obligations do not create a freestanding right of enforcement for private parties; rather, each judge is to enforce these obligations against himself or herself. *Mathews v. State*, 64 N.E.3d 1250 (Ind. Ct. App. 2016), *trans. denied*. Yet, we note the relevant canons as a backdrop to the issue at hand. Canon 2 directs that Indiana judges perform the duties of their judicial office impartially, competently, and diligently. More particularly, Rule 2.11 concerns disqualification and provides in relevant part:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.

[6] Further, Canon 4 commands that a judge or candidate for judicial office shall not engage in political or campaign activity that is inconsistent with the independence, integrity, or impartiality of the judiciary. Specifically, Rule 4.2(A) provides, in part:

> (A) A judicial candidate* in a partisan, nonpartisan, or retention public election* shall:
>
>> (1) act at all times in a manner consistent with the independence,* integrity,* and impartiality* of the judiciary . . . .

[7] Indiana has drawn these rules almost entirely from the ABA's Model Code of Judicial Conduct, so we often find guidance in decisions by courts in other states that have addressed disputes over attorney participation in campaign activities. When evaluating a motion for recusal based upon counsel's campaign-related activities, the general principle is that the timing, nature, and extent of participation in a judge's campaign are relevant factors to consider. *Rivera v. Bosque*, 188 So. 3d 889, 41 Fla. L. Weekly D284 (Fla. Dist. Ct. App. 2016) (stating that involvement of relatively limited nature in judge's campaign is not grounds for recusal).

[8] With this standard in mind, we examine cases across the continuum of counsel participation in judge's campaign activities. At one end of the continuum, representing substantial campaign involvement by counsel, rest cases like *Dell v. Dell*, 829 So. 2d 969, 27 Fla. L. Weekly D2370 (Fla. Dist. Ct. App. 2002). In *Dell*, the Florida Court of Appeals held that the trial judge should have granted the motion for disqualification where wife's attorney was one of only six

members of the judge's re-election committee that was engaged in an ongoing campaign for the judge's re-election while the case was pending.

[9]     Similarly, in *Post v. State*, 298 Ga. 241, 779 S.E.2d 624 (2015), the Georgia Supreme Court ordered recusal. The court acknowledged that "[a]llegations that a party or a party's attorney made unexceptional campaign contributions or provided commonplace forms of non-monetary support during a judge's election campaign ordinarily are insufficient to require referring a recusal motion for reassignment to another judge." *Id.* at 631. Post's motion, however, demonstrated that the district attorney, whose office was prosecuting Post, was serving as the treasurer of the active election campaign of the judge presiding over Post's case and that the official address of the election campaign was the district attorney's office.

[10]    At the other end of the continuum, representing pretty modest involvement by counsel, is *Zaias v. Kaye*, 643 So. 2d 687, 19 Fla. L. Weekly D2166 (Fla. Dist. Ct. App. 1994). In *Zaias*, the judge denied a motion for disqualification that was based on opposing counsel's contribution to the judge's re-election campaign and service as one of over sixty members on the campaign committee. The appellate court denied Zaias' appeal, stating that "[t]he fact that an attorney made a campaign contribution to a judge or served on a judge's campaign committee does not, without more, require disqualification." *Id.* Rather, sufficient grounds for disqualification include "a specific and substantial political relationship between the parties." *Id.*

[11] This Court's decision in *Bloomington Magazine, Inc. v. Kiang*, 961 N.E.2d 61, lies along the same continuum, but the facts are closer to those in *Dell* and *Post*. Counsel for Kiang served as chairman of the judge's 2008 election committee. In holding that recusal of the judge was warranted, Judge Brown found that counsel's service as chairman was not so remote in time "as to dispel the appearance of an impropriety such that a reasonable person would have a rational basis for doubting [the judge's] impartiality." *Id.* at 66. Moreover, the Court found particularly relevant the fact that counsel's appearance in the matter was in February 2009, just three months after the election and that the motion to recuse was filed within two years of the election.

[12] This brings us to the present case and to *Abney v. State*, No. 34A02-1608-CR-1746 (Ind. Ct. App. June 22, 2017). Cheek's appeal is a companion to Abney's, and this opinion is issued contemporaneously with Judge Brown's opinion in *Abney*.

[13] Abney filed a motion to recuse in the same court on the same basis as Cheek on June 23, 2016, just two months prior to Cheek's filing on August 22, 2016. At the hearing on Cheek's recusal motion, he referenced the arguments heard by the court at the hearing on Abney's similar motion. The record in *Abney*, which contains a newspaper article admitted as Defendant's Exhibit A, reveals that the Prosecutor, although a member of the judge's advisory committee for his re-election campaign, had yet to perform any election committee activities on

behalf of the judge as of June 2016.[2] Moreover, the Prosecutor and the chief public defender were both members of his campaign advisory committee, which the judge regarded as basically nothing more than a public endorsement.

[14] Based on the circumstances of this case and the decisions of the cases we have discussed above, we cannot say that an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality.

## II. Sufficiency of the Evidence

[15] When we review a sufficiency challenge, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[16] Indiana Code section 35-44.1-2-9 provides:

> (a) A person who, having been released from lawful detention on condition that the person appear at a specified time and place in connection with a charge of a crime, intentionally fails to appear

---

[2] We take judicial notice of the record in *Abney* pursuant to Indiana Rule of Evidence 201(a)(2)(C). *See also Moxley v. Ind. Nat'l Bank*, 443 N.E.2d 374, 375 n.1 (Ind. Ct. App. 1982) (taking judicial notice of the record in a related appeal pending at the time in the Court of Appeals).

at that time and place commits failure to appear, a Class A misdemeanor. However, the offense is a Level 6 felony if the charge was a felony charge.

Cheek contends that the State failed to present sufficient evidence showing that he was released from lawful detention on the condition that he appear at a specified time and place in connection with the charge of a crime.

[17]   At trial, a copy of the charging information for Cheek's felony drug charges and a certified copy of the Chronological Case Summary (CCS) were admitted. The CCS shows that on November 19, 2015, Cheek's counsel appeared and moved to continue the pre-trial conference to January 7, 2016. Cheek was in jail at that point, though he was released on his own recognizance three days later by agreement of the parties. Ex. Vol. pp. 16-17.

[18]   On January 7, 2016, Cheek was present in court for the pre-trial conference. The Agreed Entry on Pre-Trial Conference from that day was signed by the deputy prosecutor, by defense counsel, and by Cheek. The last few sentences say: "On Motion of the Defendant, the Pre-Trial Conference is continued to February 25, 2016 at 9:00 AM, and the Trial is continued to the [sic] March 11, 2016 at 9:00 AM. The Court sets a plea cut off date for the [sic] February 18, 2016 at 4:00 P.M. The Defendant is ordered to reappear for Pretrial and Jury Trial, without further notice." *Id.* at 11.

[19]   The CCS entry of February 25, 2016 shows that a pre-trial conference was held and that Cheek failed to appear.

[20] The terms "release on own recognizance" and "personal recognizance" have been defined as: "The pretrial release of an arrested person who promises, usu. in writing but without supplying a surety or posting bond, to appear for trial at a later date" and "The release of a defendant in a criminal case in which the court takes the defendant's word that he or she will appear for a scheduled matter or when told to appear." BLACK'S LAW DICTIONARY (10th ed. 2014). Here, Cheek was released on his own recognizance upon agreement that he would reappear without formal notice, he was notified in open court about the date he should reappear, and he did not. The State presented sufficient evidence to sustain Cheek's conviction on the offense of failure to appear.

## III. Inappropriate Sentence

[21] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences. Indiana Appellate Rule 7(B) provides that we may revise a sentence if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[22] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, the offense is a Level 6 felony, for which the advisory sentence is one year with a minimum sentence of six months and a maximum of two and one-half years. Ind. Code § 35-50-2-7

(2014). Cheek was sentenced to 730 days — essentially two years, which is less than the maximum allowed by the statute.

[23] Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offense, we note that Cheek was out of jail on his own recognizance when he failed to appear for a pre-trial conference on felony drug charges that had been continued at his request.

[24] With regard to the character of the offender, we observe that Cheek's criminal history is modest but not insignificant. He was placed on informal probation as a juvenile in 1996 for an offense that would constitute theft if committed by an adult. As an adult, Cheek has accrued two misdemeanor convictions for alcohol-related offenses and a misdemeanor conviction of battery resulting in bodily injury. Most notably, while out of jail on his own recognizance in the present case, Cheek used amphetamines on a daily basis and was charged with felony possession of methamphetamine, misdemeanor theft, misdemeanor false informing, and misdemeanor possession of paraphernalia.

[25] Cheek's continued drug use reflects poorly on his judgment and any prior attempts at rehabilitation. We cannot say that his sentence is inappropriate in light of the nature of the offense or his character.

## Conclusion

[26] For the reasons stated, we conclude the trial court properly denied Cheek's motion to recuse, the State presented sufficient evidence to sustain Cheek's conviction, and the sentence was not inappropriate.

Affirmed.

Riley, J., and Brown, J., concur.