ATTORNEYS FOR APPELLANT

John S. Terry
Stephenie K. Gookins
Cate, Terry & Gookins, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEES

Charles P. Rice
Murphy Rice, LLP
South Bend, Indiana

Bryan H. Babb
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE,
STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Thomas M. Fisher
Solicitor General of Indiana

Elizabeth M. Littlejohn
Matthew R. Elliott
Deputy Attorneys General
Indianapolis, Indiana


FILED
Jan 19 2018, 12:02 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 18S-AD-32

L.G.,

*Appellant (Respondent below),*

v.

S.L., et al.,

*Appellee (Petitioners below).*

Appeal from the Hamilton Superior Court, No. 29D01-1511-AD-1454
The Honorable Steven R. Nation, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A04-1607-AD-1756

**David, Justice.**

In this disputed adoption case, we grant transfer for the limited purpose of vacating the section of the Court of Appeals opinion addressing whether the trial court judge should recuse himself on remand. We hold that a trial court judge is not required to recuse himself from a case solely because counsel for one of the parties served as a professional reference and wrote a recommendation letter in support of a judge's application for another judicial role. We further hold that under the facts and circumstances of this case, the trial court judge is not required to recuse himself on remand. We summarily affirm the remainder of the Court of Appeals opinion and remand for further proceedings. See Ind. Appellate Rule 58(A)(2).

## Facts and Procedural History

This matter arises out of a contested adoption. In November 2015, S.L. and W.L. (Adoptive Parents) filed a petition for adoption. Putative father, L.G. (Father), had previously filed a paternity action which was consolidated with the adoption proceeding. Father filed several dispositive and other motions and a discovery dispute between the Adoptive Parents and Father ensued.

Of particular interest to this Court is Father's February 16, 2016 Motion for Recusal of Judge. In this motion, Father requested recusal of the Honorable Steven R. Nation because Judge Nation had applied for appointment to the Indiana Supreme Court, and counsel for Adoptive Parents, Charles Rice, was listed as a professional reference on Judge Nation's application. Indeed, as part of his application, Judge Nation was required to provide the names of three attorneys who had been professional adversaries in the course of his practice or who had litigated substantial cases in his court and "who would be in positions to comment on [his] qualifications for appointment to the Indiana Supreme Court." (Appellant's Supp. App. Vol. II at 8.) Accordingly,

Judge Nation designated Adoptive Parents' counsel, Rice, as one of his three references. Additionally, during the pendency of this adoption case, Rice wrote a letter to the Judicial Nominating Commission in which he endorsed Judge Nation's application and described him as "the greatest jurist" he had encountered in his "state-wide" litigation practice. (Appellant's Supp. App. Vol. II at 2.) Rice previously submitted this same letter to the Judicial Nominating Commission in 2012 when Judge Nation also applied to fill a vacancy on the Indiana Supreme Court.

Father alleged that listing Rice as a reference in the 2016 application gave the appearance of impropriety, necessitating Judge Nation's recusal. Judge Nation denied Father's Motion for Recusal. Thereafter, the case proceeded and the trial court dismissed Father's motion to contest the adoption as a discovery sanction and entered a decree of adoption.

Father appealed, challenging the dismissal of his motion to contest the adoption. He did not raise the recusal issue. Our Court of Appeals addressed the issues raised by Father related to the dismissal and also addressed, *sua sponte*, whether Judge Nation should recuse himself on remand. It concluded that: 1) Judge Nation should have granted Father's Motion to Recuse because Rice's recommendation created the appearance of impropriety; and 2) Judge Nation should recuse himself on remand because the trial court's findings and conclusions "demonstrate the court's negative assessment of Father's credibility and character." L.G. v. S.L., 76 N.E.3d 157, 176 (Ind. Ct. App. 2017). The Court of Appeals had "significant concern" that Judge Nation or any trial judge would be able to set aside these prior findings and conclusions. Id. at 177.

We disagree with the Court of Appeals on the recusal issues and grant transfer to address them. In every other respect, we affirm the Court of Appeals opinion and remand to the trial court for further proceedings.

## Standard of Review

A judge's decision about whether to recuse is reviewed for an abuse of discretion. Cheek v. State, 79 N.E.3d 388, 390 (Ind. Ct. App. 2017). An abuse of discretion occurs when the judge's decision is against the logic and effect of the facts and circumstances before it. Id.

## Discussion

### I. The trial court did not abuse its discretion by denying Father's Motion to Recuse Judge.

With regard to disqualification or recusal of a judge, Indiana Trial Rule 79(C) provides:

> A judge shall disqualify and recuse whenever the judge, the judge's spouse, a person within the third degree of relationship to either of them, the spouse of such a person, or a person residing in the judge's household:
> (1) is a party to the proceeding, or an officer, director or trustee of a party;
> (2) is acting as a lawyer in the proceeding;
> (3) is known by the judge to have an interest that could be substantially affected by the proceeding; or
> (4) is associated with the pending litigation in such fashion as to require disqualification under the *Code of Judicial Conduct* or otherwise.

Rule 1.2 of the Indiana Code of Judicial Conduct provides that "a judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Rule 2.11 further provides that a "judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Rule 2.11 lists several specific instances requiring recusal, none of which are applicable here. However, comment 1 to Rule 2.11 provides that under the rule, "a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions [of the rule] apply." IN ST CJC Rule 2.11, cmt. 1.

4

Our Court of Appeals has held that the mere appearance of bias and partiality may require recusal if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. Bloomington Magazine, Inc. v. Kiang, 961 N.E.2d 61, 64 (Ind. Ct. App. 2012). In Bloomington Magazine, the court found that because one of the attorneys served as chairman of the judge's recent election campaign, there was the appearance of impropriety and as such, the trial court abused its discretion in denying a motion to recuse. Id. at 66-67. More recently, in Abney v. State, 79 N.E.3d 942 (Ind. Ct. App. 2017) and Cheek, 79 N.E.3d at 388, the Court of Appeals addressed what level of involvement by an attorney in a judge's judicial campaign requires a judge to recuse from a case where that attorney is involved. In these parallel appeals, the court found that recusal was not required when the elected prosecutor was a member of the judge's advisory committee for his election campaign, but had not yet performed any election committee activities on behalf of the judge. Abney, 79 N.E.3d at 953; Cheek, 79 N.E.3d at 392.

The facts of this case are a bit different than those in Bloomington Magazine, Abney and Cheek because, here, Judge Nation is not running in a partisan election and Rice is not part of his campaign, as chair or otherwise. Instead, Judge Nation submitted his name for consideration as part of a merit selection process, and as part of his application, he was required to list six professional references, including "three attorneys who have been your professional adversaries in your practice or who have litigated substantial cases in your court and who would be in positions to comment on your qualifications for appointment. . . . " (Appellant's Supp. App. Vol. II at 8.) Judge Nation listed Rice as one of the attorneys who appeared before him, along with two other attorneys. Additionally, Rice submitted a letter of recommendation on Judge Nation's behalf. As one would expect from a recommendation letter, Rice spoke very highly of Judge Nation in that letter, even calling him "the greatest jurist" he had encountered.

Although it is not precedent, we find Justice Massa's Order in Indiana Gas Co. v. Indiana Fin. Auth., 992 N.E.2d 678 (Ind. 2013) instructive. There, the movant argued that Justice Massa should recuse himself due to his personal friendship with the project manager for one of the parties. Justice Massa declined to do so. He noted that it would be "disabling to this Court if we were

5

required to recuse every time a 'friend' came before us as a lawyer for a party or worked as an employee of, or consultant to, a party." Id. at 680. This is because all of the Justices on the Court have many friends who are lawyers, several Justices came from law firms that appear before the Court and it is not unusual for the court to hear cases argued by lawyers that previously served the Court as judicial law clerks. Id. at 680-81. Finally, while the movant pointed to how the project manager spoke at Justice Massa's investiture ceremony as evidence of the appearance of impropriety, Justice Massa noted how saying "flattering things" happens on "such occasions." Id. at 680.

Similarly, although Rice said kind things about Judge Nation in a recommendation letter and served as a reference for him, this alone is not enough to require recusal. If it were, then Judge Nation (and any trial judge who submitted an application for an appellate judge position) would have to recuse himself in each case where one of the attorneys listed on his application and/or who wrote letters for him appeared. This would be disabling to courts, particularly in small Indiana counties where only a handful of attorneys practice in front of the trial court judge.

Further, recusal in this instance would not be based on the circumstances of the case, but rather on speculation that a judge could not be unbiased towards counsel who has tendered a reference letter or agreed to serve as a professional reference. An objective person with knowledge of all the circumstances of this case would be aware of the fact that in order to complete his application for an appellate judge position, Judge Nation was required to list references who have appeared in his court as well as solicit recommendation letters. Recommendation letters by their nature are enthusiastic and flattering. This is not unusual and there is nothing about Rice's letter that indicates any sort of special relationship beyond a professional one. Just as "friendship" alone may not be enough to require recusal (in some cases, it could be), neither does professional admiration always demand recusal. We trust our judges' ability to remain unbiased when a reference represents a client in that judge's court. The trial court did not abuse its discretion when denying Father's Motion to Recuse.

## II. The trial court judge is not required to recuse himself on remand because he previously ruled against Father.

Adverse rulings and findings by a trial judge are not sufficient reason to believe the judge has a personal bias or prejudice. Thomas v. State, 486 N.E.2d 531, 533 (Ind. 1985). Further, Indiana courts credit judges with the ability to remain objective notwithstanding their having been exposed to information which might tend to prejudice lay persons. Carter v. Knox Cty. Office of Family & Children, 761 N.E.2d 431, 435 (Ind. Ct. App. 2001). The law presumes that a judge is unbiased and unprejudiced. Id. To overcome this presumption, the moving party must establish that the judge has personal prejudice for or against a party. Id. Such bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him. Id.

Here, Father argues, and the Court of Appeals found that because the trial court order noted that Father was not a credible witness and otherwise negatively characterized his actions throughout the discovery process in its order, Judge Nation should recuse himself from the matter on remand due to concerns that he may not be impartial. However, we disagree. It is the fact-finder's province to assess the credibility of witnesses. This is particularly true in domestic relations cases due to the court's "unique, direct interactions with the parties face-to-face, often over an extended period of time." Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011). Our trial judges are "enabled to assess credibility and character through both factual testimony and intuitive discernment" and "are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." Id. Thus, there is nothing unusual or inappropriate about the trial court finding that Father was not a credible witness. As mentioned above, adverse findings are not sufficient reason to believe the judge has a personal bias or prejudice. Thomas, 486 N.E.2d at 533.

Although some of the language used in the order is strong, e.g., characterizing Father's motions as "frivolous" and Father's behavior as "contumacious," this in and of itself is not enough to presume bias or prejudice because the trial court did not express an opinion on the merits of the

controversy before it. Instead, Father's motion to contest the adoption was dismissed due to a discovery dispute and the court's findings were related to the parties' conduct during that dispute.

In Carter, Mother argued that the trial judge who previously approved a permanency plan supporting termination of her parental rights should not be trier of fact in the subsequent termination proceeding because that judge was biased. 761 N.E.2d at 435. The Court of Appeals found the trial judge was not biased or prejudiced against Mother at the termination hearing. Id. at 436. It noted that the mere fact that a judge had gained knowledge of the Mother by participating in other actions does not establish the existence of bias or prejudice, and that while the judge had previously approved a plan in which termination of Mother's rights was in the best interest of the child, this did not mean that the judge was prejudiced as to Mother's parenting abilities and would necessarily terminate Mother's rights at a subsequent hearing. Id. at 435-36.

The same logic applies to this case. Here, the trial court dismissed Father's motion to contest the adoption as a discovery sanction. It cannot be presumed that, just because Judge Nation presided over the previous adoption proceedings and has knowledge of the parties, he is biased or prejudiced against Father. Judge Nation's order made no findings about the merits of Father's motion to contest the adoption or Father's ability to be a suitable parent. Accordingly, we see no need for Judge Nation to recuse himself on remand.

## Conclusion

We hold that Judge Nation was not required to recuse himself from this case solely because counsel for one of the parties served as a professional reference and wrote a recommendation letter on his behalf. We further hold that while Judge Nation is familiar with the parties and has previously made findings against Father, because he did not express an opinion on the merits of the adoption proceeding, he is not required to recuse himself on remand. We summarily affirm the remainder of the Court of Appeals opinion and remand for further proceedings.

Rush, C.J., and Massa and Goff, JJ., concur.
Slaughter, J., not participating.

8