# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-905
Lower Tribunal No. 15-525
_____

**Mary D. Benitez,**
Petitioner,

vs.

**Jorge L. Benitez,**
Respondent.

A Case of Original Jurisdiction — Prohibition

Mary D. Benitez, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass, (Fort Lauderdale), for respondent.

Before FERNANDEZ, SCALES, and MILLER, JJ.

MILLER, J.

We treat the instant appeal as a petition for writ of prohibition. See Eato v. State, 7 So. 3d 633 (Fla. 3d DCA 2009) (treating an appeal from an order denying

a motion for disqualification as a petition for writ of prohibition). As the trial court correctly denied the legally insufficient disqualification motion, we hereby deny the petition for writ of prohibition. See Fla. R. Jud. Admin. 2.330(e) ("A motion to disqualify shall be filed within a reasonable time not to exceed [ten] days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling."); see also MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332, 1335 (Fla. 1990) ("[A]n allegation in a motion [for disqualification] that a litigant or counsel for a litigant has made a legal campaign contribution to the political campaign of the trial judge, . . . without more, is" legally insufficient.); Zaias v. Kaye, 643 So. 2d 687, 687 (Fla. 3d DCA 1994) ("The fact that an attorney made a campaign contribution to a judge or served on a judge's campaign committee does not, without more, require disqualification.") (citations omitted).