## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2020, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Edward Luther, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 13, 2020

Court of Appeals Case No.
19A-CR-2542

Appeal from the St. Joseph
Superior Court

The Honorable Margot F. Reagan,
Judge

The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D04-1803-CM-948

**Altice, Judge.**

## Case Summary

[1] Robert Edward Luther, Jr. was convicted, following a bench trial, of Class A misdemeanor conversion. Luther appeals from the denial of his oral motion for the recusal of the trial judge, who was his lawyer in two unrelated cases about twenty years prior.

[2] We affirm.

## Facts & Procedural History

[3] On March 7, 2018, the State charged Luther with Class A misdemeanor conversion, alleging that he had knowingly or intentionally exerted unauthorized control over property at a Target store. After continuances related to Luther's failure to appear on two separate occasions, resulting in the issuance of warrants, his bench trial commenced on October 10, 2019.

[4] At the beginning of the trial, Luther's counsel made an oral motion for the sitting magistrate to recuse herself due to her prior attorney-client relationship with Luther "on two cases back in 1999 and 2000." *Transcript* at 2. The magistrate responded that she had "absolutely no recollection" of the cases and did not even remember Luther. *Id.* The magistrate then indicated, "I don't feel the need to [recuse]." *Id.* Defense counsel responded, "Well then, we'll go forward then." *Id.*

[5] Following the presentation of evidence, the trial court found Luther guilty as charged and sentenced him to sixty days to be served through St. Joseph County Community Corrections. Luther now appeals.

## Discussion & Decision

[6]    Luther claims that he was "denied a fair and impartial trial when the trial court failed to properly address whether the trial court magistrate's prior representation of him would cause reasonable minds to be able to determine whether her impartiality would be impaired." *Appellant's Brief* at 7. His appellate argument is improperly focused on the Indiana Code of Judicial Conduct (the Code) and disciplinary actions rather than reversible error.

[7]    As our Supreme Court has recognized, it is "not reversible error, absent a showing of prejudice, for a judge to refuse to recuse [her]self in a criminal case when [s]he had previously represented the defendant in an unrelated criminal matter." *Matter of Edwards*, 694 N.E.2d 701, 710 (Ind. 1998) (citing *Hammond v. State*, 594 N.E.2d 509, 514 (Ind. App. 1992), *trans. denied*); *see also Smith v. State*, 477 N.E.2d 857, 864 (Ind. 1985) ("The record must show actual bias and prejudice against the defendant before a conviction will be reversed on the ground that the trial judge should have been so disqualified."). "Whether presiding over the case might nevertheless be violative of the Code of Judicial Conduct is, however, a related but separate question from whether it might constitute reversible error." *Matter of Edwards*, 694 N.E.2d at 710. Here, we are tasked with addressing only the former question.

[8]    "The law presumes that a judge is unbiased and unprejudiced." *Garland v. State*, 788 N.E.2d 425, 433 (Ind. 2003). "Ordinarily in a criminal case, parties seeking to overcome the presumption of judicial impartiality must move for a

change of judge under Rule 12 of the Indiana Rules of Criminal Procedure." *Mathews v. State*, 64 N.E.3d 1250, 1253 (Ind. Ct. App. 2016), *trans. denied*. This rule mandates specific timelines and procedures when moving for a change of judge.[1] *See Flowers v. State*, 738 N.E.2d 1051, 1059 (Ind. 2000) ("The law is settled that a defendant is not entitled to a change of judge where the mandates of Criminal Rule 12 have not been followed.").

[9] Luther does not, and cannot, contend that he complied with the mandates of Crim. R. 12. Thus, he was clearly not entitled to a change of judge in this case. *See Flowers*, 738 N.E.2d at 1059.

[10] Moreover, we reject Luther's argument that he is nonetheless entitled to relief because the Code required the magistrate to recuse herself. Rule 2.11(A) of the Code provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Luther does not allege actual bias or prejudice against him on the magistrate's part, and the record reflects no such bias or prejudice. Rather, he argues that her impartiality might have been reasonably questioned considering her former

---

[1] Crim. R. 12(B) provides:

> In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

Further, pursuant to Crim. R. 12(D), the motion must be made within thirty days of the initial hearing unless due diligence could not have discovered the reasons for recusal within that period.

representation of him had the magistrate "t[aken] the time to look into possible issues that may impact the parties' arguments towards disqualification." *Appellant's Brief* at 9. The proposition underlying Luther's arguments has been directly rejected by this court in *Mathews*, where we held that the Code does not supply a freestanding mechanism for relief, independent of a properly brought Crim. R. 12 motion. *Mathews*, 64 N.E.3d at 1255 ("It is undeniable that the Code fixes a judge's obligations. We hold, however, that those obligations do not create freestanding rights of enforcement in private parties."). Accordingly, Luther is not entitled to consideration of his freestanding claim for recusal under the Code. *See id*. at 1256.

[11] Judgment affirmed.

Bailey, J. and Crone, J., concur.